(38 Misc. Rep. 596.)

PEOPLE ex rel. CROKER v. STURGIS, Fire Commissioner.

(Supreme Court, Special Term, New York County.　September, 1902.)

1. APPEAL—OFFICIAL CAPACITY OF APPELLANT—MUNICIPAL CORPORATIONS—STAY.

The fire commissioner of the city of New York, the head of an executive department, appealed from an order granting a writ compelling him in his official capacity to reinstate the chief of the city fire department. Held, that an appeal from such an order must be considered as taken by the municipality, and the service of notice of it stays the proceedings, without more, under the direct provisions of Code Civ. Proc. § 1314.

2. CONTEMPT—WHAT CONSTITUTES.

Where the fire commissioner of the city of New York is directed to reinstate the chief of the fire department, his failure so to do during the two hours elapsing between the time when he was served with a notice of such order and the time when he appealed from the same is not a contempt of court as "willful disobedience to its lawful mandate," within Code Civ. Proc. § 8, subd. 2.

Application of Edward F. Croker for the punishment of Thomas Sturgis, fire commissioner, for contempt in failing to reinstate relator pursuant to a peremptory writ of mandamus.　Denied.

John J. Delany, for the motion.

Theodore Connoly (George L. Rives, Corp. Counsel), opposed.

BISCHOFF, J.　The respondent, as fire commissioner of the city of New York, was directed by peremptory writ of mandamus to re-

¶ 2. See Contempt, vol. 10, Cent. Dig. § 67; Mandamus, vol. 33, Cent. Dig. § 424.

instate the relator in the office of chief of department.   The writ was
served on August 29th, and on the same day, about two hours after-
ward, the respondent caused an appeal to be taken from the order
which granted the writ.   When served with the writ, he stated that
he intended to be governed by the advice of the corporation counsel,
and declined to carry out the direction for the reinstatement of the
relator at the moment.   The present application is to punish the re-
spondent for a contempt in willfully refusing to obey the mandate
of the court, and the questions which arise are:   First, whether the
notice of appeal acted ex proprio vigore as a stay; and, second,
whether the failure to obey the command of the writ during the
period of two hours intermediate its service and the taking of the
appeal was, in effect, a contempt of court.

That an appeal taken by the head of an executive department of a
municipal corporation from an order for mandamus whereby he is
required to perform an act in his official capacity is an appeal by the
municipal corporation (Code Civ. Proc. § 1314), and that the pro-
ceedings under the writ are stayed, without more, by the notice of
appeal, was ruled by the general term of this department in People
v. Daly, 75 Hun, 186, 27 N. Y. Supp. 283, in an opinion which has
been consistently followed and abundantly approved by later expres-
sion.   Transportation Co. v. Shea, 30 App. Div. 374, 52 N. Y. Supp.
5; In re Murray Hill Bank, 9 App. Div. 558, 41 N. Y. Supp. 920;
People v. Wurster, 14 App. Div. 632, 43 N. Y. Supp. 1160; People
v. Collis, Special Term, Part I, Andrews, J., Feb. 20, 1896; In re
Stutzbach, N. Y. Law J., July 26, 1901, Blanchard, J.   It is con-
tended, however, for the relator, that the court, in the course of its
decision of People v. Daly, overlooked a controlling provision of the
statute, and that this authority, and the several cases founded upon it,
should be disregarded for the purposes of the present application.
Needless to say, the asserted infirmity of the authority which is thus
attacked should be very clear if the court at special term is to re-
pudiate a line of decisions announced by the court of review; but I
find, upon examination, that the point raised by the relator lacks
cogency.   Briefly, the argument is that section 1314 of the Code is a
part of the general provisions as to appeals, not directed specifically
to mandamus proceedings; and that section 2089 (not adverted to in
the Daly Case) deals specially with a stay of mandamus proceedings
in the following words:   "The proceedings upon a writ of man-
damus, granted at a special term, may be stayed, and the time for
making a return  *  *  *  may be enlarged, as in an action, by an
order made by a judge of the court, but not by any other officer."
It is clear that this provision does not, in terms, exclude a possible
stay which may exist by other provisions of law, irrespective of the
action of a judge or "other officer," nor does it relate necessarily
to stays on appeal, for appeals in mandamus proceedings are treated
of in section 2087 (assimilating the general provisions as to appeals
from orders and judgments), and that section expresses a limita-
tion upon the existing law as to appeal stays only in the case where
the order for the writ was granted by the intermediate appellate
court.   Again, if section 2089 refers to stays on appeal, it has logical

relation only to the general provisions of law whereby the order appealed from is not stayed without application to the court, if security is to be dispensed with. Section 1314, in relation to the subject of appeals, is not general in its scope, but is a special provision exempting an appeal by a municipal corporation from the general provisions which require security for a stay, and there is no warrant for applying to section 2089 the characteristics of a special provision which should prevail over the provisions of section 1314, for the latter is likewise special in its nature, and may be read in harmony with the former. I conclude, therefore, that there is no possible ground for the claim that the authority of People v. Daly, supra, is unsound, and the rule there laid down applies distinctly to the case at bar. The respondent can act at all in the premises only so far as he is clothed with official power as an executive agent of the city, and, where his action is sought to be controlled for the purpose of reinstating an individual in the city's employ, the city is the substantial party in interest to the same degree as in the situation disclosed in any of the cases above cited, and I find no ground for a distinction in this aspect.

The respondent had the legal right to appeal, and he was not bound to take his appeal at the very moment the writ was served. Practically, this was an impossibility. There was no contumacious disregard of the mandate of the court, and there was no contempt unless a "willful disobedience" was apparent. Code, § 8, subd. 3. Having the intention to appeal, and using diligence to perfect the appeal, the respondent was guilty of no "willful disobedience" in refraining from carrying out the directions of the mandate during the interval. To hold otherwise would be to render nugatory the provisions of law which permitted an appeal in such a case, and the question has been directly passed upon adversely to the contention that a contempt could arise upon such a state of facts. People v. Aitken, 19 Hun, 327.

This is not a case where the court has any discretion in the matter of a stay. The legislature has seen fit thus to limit the effect of a peremptory writ of mandamus where an appeal is taken by the official, acting for the municipality; and the court's duty is to give effect to the law and to the rights arising from the law as it exists.

Motion denied, with $10 costs.