JAMES SARGENT, Respondent, *v.* ST. MARY'S ORPHAN BOYS' ASYLUM et al., Appellants, Impleaded with Others.

INJUNCTION — WHEN DAMAGES CAUSED BY PRELIMINARY INJUNCTION PENDING MOTION FOR INJUNCTION PENDENTE LITE ARE RECOVERABLE. The damages caused by a preliminary injunction contained in an order to show cause why an injunction *pendente lite* should not be granted, consisting of the expenses incurred in retaining counsel to appear upon the return of the order and oppose the issuing of any further injunction, are recoverable upon the refusal to grant the injunction *pendente lite,* although the preliminary injunction in terms and technically terminated with the disposition of the order to show cause, and the services of counsel were devoted to preventing the issuing of the new injunction.  The two injunctions must be regarded, not as independent of each other, but as connected parts of one plan for securing relief; virtually, a continuance of the preliminary injunction was sought, and the defendants are entitled to their expenses in successfully opposing it.

*Sargent* v. *St. Mary's Orphan Boys' Asylum,* 112 App. Div. 674, reversed.

(Argued December 3, 1907; decided December 20, 1907.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered June 8, 1906, which reversed an order of Special Term confirming the report of a referee appointed herein to assess the damages sustained by appellants by reason of a temporary injunction.

The facts, so far as material, are stated in the opinion.

*James M. E. O'Grady* for appellants. The damages allowed by the referee were properly recoverable on this motion. (*Perlman* v. *Bernstein*, 93 App. Div. 335; 179 N. Y. 531; *Holcomb* v. *Rice*, 119 N. Y. 598; *Harter* v. *Westcott*, 155 N. Y. 211; *Newton* v. *Russell*, 87 N. Y. 527; *Rose* v. *Post*, 56 N. Y. 603; *McGown* v. *Barnum*, 42 Misc. Rep. 585.)

*David N. Salisbury* for respondent. The services and disbursements of defendants' counsel proven as damages in this proceeding would have been incurred if the temporary restraining order had been omitted from the order to show cause; hence they cannot be said to have been incurred because of that restraining order. The report of the referee and the order of confirmation were, therefore, erroneous, and the order of the Appellate Division reversing the same should be affirmed. (*Sargent* v. *St. M. O. B. Asylum*, 112 App. Div. 674; *Hovey* v. *R. T. P. Co.*, 50 N. Y. 335; *Disbrow* v. *Garcia*, 52 N. Y. 654; *Newton* v. *Russell*, 87 N. Y. 527; *Whiteside* v. *N. C. Assn.*, 84 Hun, 555; *Sweet* v. *Mowry*, 71 Hun, 381; *Randall* v. *Carpenter*, 88 N. Y. 293.)

HISCOCK, J. This action was brought for the purpose of restraining the board of education of the city of Rochester and various officials of that municipality from paying any bill or demand in favor of various of the defendants for services claimed to have been rendered in the school and institution of learning maintained and conducted at the city of Rochester by the appellant St. Mary's Orphan Boys' Asylum upon the ground in substance that said school was in whole or in part under the control or direction of a particular religious denomination and that denominational doctrines and tenets were taught therein. When the action was commenced an order was granted to show cause why an injunction should not issue *pendente lite*, and in and by the terms of said order a temporary injunction was granted restraining the defendants until the hearing and determination of the motion upon said order from performing any of the acts above indicated. This injunc-

tion was accompanied by the usual undertaking and plaintiff having failed in his action proceedings were instituted in behalf of the defendants for an assessment of the damages sustained by them under such injunction and which damages consisted of the expenses incurred in retaining counsel to appear upon the return of such order to show cause and oppose the issue of any further injunction. The referee and the Special Term awarded damages but the Appellate Division has reversed this determination, holding as matter of law that the present appellants were not entitled to recover such damages because the services of counsel were not rendered in connection with the preliminary injunction but were devoted to preventing the issuing of a new injunction.

Literally it is true that the injunction on account of which damages are asked did terminate with the disposition of the order to show cause and appellants were commanded by that order to give reason why another and a new injunction should not be granted during the pendency of the action. We think, however, that it is too narrow and technical a view for the purposes of this proceeding to regard the preliminary injunction contained in the order to show cause and the proposed injunction sought upon the return of that order as disconnected and independent of each other. We think, on the other hand, that they were connected parts of one plan. The plaintiff in that action intended to obtain a preliminary injunction lasting until the return of the order, and upon the return of the latter to procure a continuance of the injunction until the termination of the action. He intended that there should be an injunction commencing with the issue of the order to show cause and extending continuously to the trial and final disposition of his suit. Whatever may have been the particular words in which he clothed his purpose, the order to show cause actually imposed the burden upon defendants of opposing a continuance of the preliminary injunction, and we think that the expenses incurred in so doing fairly and properly may be treated upon the same basis as though the wording of the order to show cause had corre-

sponded with its purpose in requiring the appellants to show cause why the preliminary injunction should not be continued. There is no question but that under such circumstances appellants would be allowed to recover damages upon the theory adopted by the Special Term. If this view is not sustained it will always be easy for a party obtaining a preliminary injunction to cause the latter to be framed in such technical language as will make easy an escape from responsibility for damages caused by the injunction.

Accordingly the order of the Appellate Division should be reversed and that of the Special Term affirmed, with costs.

Cullen, Ch. J., O'Brien, Edward T. Bartlett, Haight, Vann and Chase, JJ., concur.

Ordered accordingly.