(59 Misc. Rep. 538.)

PEOPLE ex rel. AMES v. JUDSON, Special Deputy Excise Com'r, et al.

(Supreme Court, Special Term, Monroe County.  June, 1908.)

INTOXICATING LIQUORS—APPEAL AND ERROR—NECESSITY OF BOND—APPEAL BY
STATE OFFICER—STAY.

Where a state commissioner of excise is a party to a proceeding in which an order is made requiring the special deputy commissioner to issue a liquor tax certificate, and the state commissioner appeals from such order, it stays all proceedings without the giving of any security, under Code Civ. Proc. § 1313, so that the deputy commissioner is not guilty of contempt in failing to obey the order pending the appeal.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 29, Intoxicating Liquors, § 78.]

Certiorari by the people, on the relation of Edward J. Ames, against Charles H. Judson, deputy commissioner of excise, and Maynard N. Clement, state commissioner of excise.  Motion to punish Charles H. Judson for contempt in refusing to obey an order whereby he was commanded to grant the application of the relator for a liquor tax certificate.  Motion denied.

Kile & Oviatt, for relator.
Walter H. Knapp and S. H. Salisbury, for respondents.

SUTHERLAND, J.  The relator, Ames, is the proprietor of a hotel located in the town of Riga, Monroe county.  He has held a liquor tax certificate and sold liquor at his hotel until the 1st of May, 1908.  At the town election in November, 1907, the electors of the town of Riga voted under the local option clause of the liquor tax law that no liquor should be sold in that town, and under the statute as it then existed this vote would have become operative on the 1st of May; but the Legislature of 1908 changed the beginning of the excise year from May 1st to October 1st, and the learned justice who granted the order directing the special deputy commissioner to issue a liquor tax certificate to the relator has held that the effect of the change of date, under the language employed by the Legislature, continues the status of the town of Riga as a town where liquor may be lawfully sold by those holding liquor tax certificates until October 1st.  The special deputy commissioner, acting under the direction of the state commissioner of excise, had declined to issue a new liquor tax certificate from the 1st of May to the 1st of October; and the order referred to was made in a certiorari proceeding brought under the statute to compel the special deputy commissioner to issue the certificate.  The state commissioner was made a party to the proceeding

under section 6 of the liquor tax law (Laws 1896, p. 48, c. 112, as amended by Laws 1901, p. 1533, c. 640), which provides that:

"The state commissioner of excise shall be made a party to all actions and proceedings affecting in any manner the submission of the local option questions provided for in section 16 of this act, or the result of any vote thereupon or the traffic in liquors under this act; to all actions and proceedings relative to the issuance of liquor tax certificates under section 11 or the transfer thereof under section 25, 26, or 27, or the surrender thereof for cancellation and rebate under section 25; to all injunction proceedings under section 29; and to all civil actions or proceedings, whether brought under the provisions of this act or otherwise, which in any manner affect the enjoyment of the privileges or the operation of the restrictions provided for in this act."

On the same day that the order was granted, an appeal was taken therefrom to the Appellate Division by the special deputy commissioner and by the state commissioner. No stay of proceedings was obtained; and the special deputy commissioner is in contempt for failure to obey that order, unless the taking of the appeal by the state commissioner operates to stay all proceedings under the order and protects the special deputy commissioner in his continued refusal to issue the liquor tax certificate.

Section 1313 of the Code of Civil Procedure provides that:

"Upon an appeal taken by the people of the state or by a state officer, or board of state officers or a board of supervisors of a county, the service of the notice of appeal perfects the appeal, and stays the execution of the judgment or order appealed from, without an undertaking or other security."

The state commissioner of excise is a state officer, but the special deputy commissioner for Monroe county is not a state officer. Public Officers' Law, § 2. The special deputy state commissioner performs for Monroe county the duties which otherwise would devolve upon the county treasurer in respect to liquor tax certificates in said county, and "such duties as may be required by the commissioner or as may be provided by law." An appeal taken by the special deputy commissioner alone would not operate as a stay of proceedings, because he is not a state officer. The question now to be determined is whether the state commissioner is so related to the order appealed from that his appeal, of necessity, under section 1313 of the Code, stays the compulsory effect of the order in so far as it commands his subordinate appointee, the special deputy commissioner, to issue the certificate.

In my opinion the service of the notice of appeal on behalf of the state commissioner of excise operates to stay the effect of the order appealed from in all respects, and the special deputy commissioner is not guilty of contempt in refusing to issue the certificate pending the appeal. The statute requires the state commissioner to be a party to this proceeding and to all proceedings affecting in any way the issuing of liquor tax certificates throughout the state. The object of this is to give the state commissioner requisite power to appear and represent the interests of the department of which he is the head in any part of the state and in any court or proceeding where an adjudication may be made affecting the subject-matter referred to. His right to appeal from the order is clear, and he is therefore more than a mere nominal party. He is in the case for all purposes; and the

stay of proceedings which his notice of appeal effectuates, under section 1313, is available as a defense to the motion to punish the special deputy for contempt.

As the notice of appeal was served the same day the order was entered, there was no contumacious disregard of the mandate of the court. Matter of Croker v. Sturgis, 38 Misc. Rep. 596, 78 N. Y. Supp. 77.

The relator urges that he will be left without a remedy in case the order appealed from is affirmed, having been deprived in the meantime of his lawful right to a liquor tax certificate. There would seem to be an obvious hardship imposed upon the relator by this situation, but no security can be compelled by the court as a condition of putting into effect the absolute stay which section 1313 provides for.

The motion to punish for contempt is denied.

Motion denied.