THE CITY OF UTICA, Respondent, *v.* TONY HANNA, Appellant.

(Argued June 20, 1928; decided July 19, 1928.)

*Herbert C. Sholes* and *D. Francis Searle* for appellant. The court below erred in determining the defendant was not entitled to have an assessment of damages. (*Matter of Meyer*, 209 N. Y. 59; *Genet* v. *D. & H. C. Co.*, 113 N. Y. 472; *Eno* v. *N. Y. El. R. R. Co.*, 15 App. Div. 620; *Kager* v. *Brenneman*, 52 App. Div. 446; 165 N. Y. 674; *Sponenburg* v. *City of Gloversville*, 96 App. Div. 157; *Witbeck* v. *Lockport L., H. & Power Co.*, 214 App. Div. 371.) The obtaining and acceptance of the order staying proceedings practically constituted a contract on the part of the plaintiff that it would pay all damages sustained by the defendant, and bound the plaintiff. (*Matter of N. Y., L. & W. R. R. Co.*, 98 N. Y. 447; *Hine* v. *N. Y. E. R. R. Co.*, 149 N. Y. 154; *Brady* v. *Nally*, 151 N. Y. 258; *Matter of Clark*, 168 N. Y. 437; *N. Y. C. R. R. Co.* v. *Barnet*, 192 App. Div. 784; *Hocking U. R. R. Co.* v. *Barbour*, 192 App. Div. 604.)

*Emerson M. Willis, Corporation Counsel* (*Ernest E. De Rosa* and *Harry M. Garvey* of counsel), for respondent. The court at Special Term erred in granting the order appointing a referee to ascertain and determine the damages sustained by defendant by reason of the injunction order. (*Lawton* v. *Green*, 64 N. Y. 326; *Palmer* v. *Foley*, 71 N. Y. 106; *City of Yonkers* v. *Fed. Sugar Ref. Co.*, 221 N. Y. 206; *Herkimer Lumber Co.* v. *State of New York*, 196 App. Div. 708.) There was no contract

made by plaintiff and defendant binding plaintiff to pay all damages sustained by the defendant. (*City of Yonkers* v. *Fed. Sugar Ref. Co.*, 221 N. Y. 206.)

CARDOZO, Ch. J. Plaintiff, a municipal corporation, brought an action to restrain defendant from erecting or operating a gasoline station on land bordering upon a city street. A temporary injunction was granted without security or condition. A trial followed, and ended in a judgment dismissing the complaint. Plaintiff moved for a stay of the construction of the station during the pendency of an appeal. The motion was granted " on the express condition that the plaintiff pay to the defendant all damages sustained by reason thereof and by reason of the order made herein restraining the defendant," provided the appellate court finally decided that the plaintiff was not entitled to the restraining order or to the injunction asked for in the complaint. The plaintiff took the benefit of this order, and acquiesced in its conditions. Upon the affirmance of the judgment the defendant moved for the appointment of a referee to assess the damages. An order for that relief, granted at Special Term, was reversed at the Appellate Division on the authority of *City of Yonkers* v. *Federal Sugar Refining Co.* (221 N. Y. 206).

We think the case at hand is untouched by that decision. There the situation was the same as it would be here if a stay had not been granted subject to a condition. What was there attempted was to charge the city of Yonkers with the damages resulting from a temporary injunction though no condition had been imposed and no security given. Liability was thought to follow from Code Civil Procedure, section 1990 (now Civil Practice Act, §§ 162, 820), to the effect that wherever a municipal corporation was exempted by the statute from the requirement of security upon procuring an order of injunction, it should be liable for all damages " in the same case and to the same extent as sureties to an undertaking

would have been if such an undertaking had been given."
We held that liability did not arise by force of the statute
without more unless the "extent" of the maximum obli-
gation had been measured by the order.

The question before us here is not one of liability by
force of the provisions of a statute. It is one of liability
by force of the acceptance of a condition imposed in
return for the concession of a discretionary remedy.
The city was required to assume liability for damages
without arbitrary limit, or else give up the stay. We
are not concerned to inquire whether the condition was
erroneous. At least it was not void. The city was not
at liberty to accept the benefit of a discretionary order,
and reject the attendant burden. It might have refused
the benefit of the stay, and let the judgment take its
course. It might have appealed from the order denying
relief except upon compliance with an overburdensome
condition. It did nothing of the kind. It took the bene-
fit of the stay and now rejects the condition as if the order
had been absolute. Condition and benefit are not so easily
dissevered.

We assume that the statute imposes a restriction upon
power when it forbids a court or judge to require "security"
from a municipal corporation as a condition of an injunc-
tion or of any other relief (Code Civ. Pro. § 1990; Civ.
Prac. Act, § 162). The purpose of that provision is to
relieve a municipal corporation of an obligation to furnish
sureties or cash. There is no exaction of "security" in the
sense of the prohibition when a city is made to pledge its
own credit in return for benefits received. The lawmakers
cannot have meant that it should be beyond the power
of the court to impose equitable terms for an equitable
remedy. A distinction must be drawn, moreover, between
duty and discretion. Amendments of the statute have
put upon the court a duty, when it grants an injunction
to a municipal corporation, to give the defendant the
benefit of some measure of protection, a personal liability

within the limits appropriate for sureties. Failure to make provision to that extent is a denial of a legal right of which a defendant may complain. We do not read the statute as depriving the court of its discretionary power to impose a condition even heavier, to make the stay dependent upon an assumption of liability for damages without arbitrary limit. Such a power has long been exercised by courts of equity as an effective expedient for the adjustment of "its plastic remedies" (*City of Yonkers* v. *Fed. Sugar Ref. Co.*, *supra*, at p. 209; *Moonzy* v. *Byrne*, 163 N. Y. 86, 97). An inroad upon a jurisdiction so inveterate and traditional will not be gathered as an inference from statutes of uncertain meaning.

The case is not affected by Civil Practice Act, section 571, which provides that "upon an appeal taken by a domestic municipal corporation, * * * the service of the notice of appeal perfects the appeal and stays the execution of the judgment or order appealed from, without an undertaking or other security, unless the court requires security to be given." The judgment in this case was one for the dismissal of the complaint. A notice of appeal had the effect of staying automatically the collection of the costs. It did not automatically revive or continue an injunction which was to last only during the suit and which fell by its own terms when the suit had been determined.

Authoritative decisions are to the effect that the proceeding is not strictly a motion in the action, but rather one outside of it, and so appealable of right. (*Lawton* v. *Green*, 64 N. Y. 326, at pp. 330, 331; *Sargent* v. *St. Mary's Asylum*, 190 N. Y. 394; *City of Yonkers* v. *Fed. Sugar Ref. Co.*, *supra*).

The order of the Appellate Division should be reversed, and that of the Special Term affirmed, with costs in the Appellate Division and in this court.

POUND, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur; CRANE, J., not sitting.

Judgment accordingly.