CITY OF WHITE PLAINS, Plaintiff, *v.* AUSTIN K. GRIFFEN and Others, Defendants.*

Supreme Court, Westchester County, October 29, 1938.

———

* See, also, *Town of Harrison* v. *Sunny Ridge Builders, Inc.* (169 Misc. 471).

*William R. Condit, Corporation Counsel,* for the plaintiff.

*Clark, Gagliardi, Cunningham & Bailey,* for the defendants.

ALDRICH, J.   In this action brought by the city of White Plains as plaintiff for the foreclosure of various tax liens, the plaintiff seeks a temporary injunction restraining the defendant owners of the fee from removing or in any manner disturbing the top soil upon the premises affected by the action.   The tax liens held by the plaintiff, the foreclosure of which is involved in the action, directly involve some $28,000, but it is conceded that the total unpaid tax liens upon the premises, all of which are held by the plaintiff, aggregate from $125,000 to $200,000, the defendants indicating the lower figure and the plaintiff the higher.   The defendant owners are in default in the action and concededly have no defense.   It appears that they have entered into an agreement with a contractor for the sale of certain top soil from the premises for the sum of twenty-five cents per cubic yard.   Upon the argument counsel indicated that the expected revenue from the sale of the top soil would be some $15,000, or possibly running as high as $25,000.   The contemplated removal, therefore, is of from 60,000 to 100,000 cubic yards of top soil.   The court is satisfied from the papers submitted that the property will be substantially damaged by the removal of this soil and to the extent of the damage the security of the plaintiff will be thereby impaired. The papers justify the conclusion that the cost of replacement of such soil would be many times the amount to be received by the owners.   The claim of the opposing defendants that the property, after the removal, will be just as good as it is now, is not persuasive. That there will be substantial damage as the result of such removal is quite apparent.   The plaintiff is entitled to the benefit of all its present security for the payment of the unpaid taxes, penalties,

etc. It is a reasonable inference that with the premises substantially denuded of top soil the amount which the property may be reasonably expected to bring upon a sale will be materially reduced. The removal of top soil constitutes waste. (*Cosgriff* v. *Dewey*, 164 N. Y. 1, 3.) Section 981 of the Civil Practice Act, applicable to actions of this description, expressly authorizes a restraining order if the defendant commits " waste " upon " or does any other damage to, the property " in question. Under that section the right to an injunction is not limited to what would be waste under other circumstances but covers " any other damage to the property." (*Thompson* v. *Manhattan R. Co.*, 130 N. Y. 360, 365.) That the contemplated removal of this top soil will constitute a damage to the property is clearly apparent. The plaintiff comes squarely within the provisions of the statute and is entitled to a temporary injunction accordingly.

Under section 981 of the Civil Practice Act security may be dispensed with even though a municipal corporation may not be a party plaintiff. By section 162 of the Civil Practice Act a domestic municipal corporation is not required to give any security for the purpose of procuring an injunction order. That section imposes a restriction upon the court so far as the giving of a bond or a cash deposit for security is concerned. (*City of Utica* v. *Hanna*, 249 N. Y. 26.) By section 820 of the Civil Practice Act it is provided that in any action in which a domestic municipal corporation is excused by statute from giving security on procuring an injunction order, such corporation shall be liable for all damages that may be sustained by the opposite party by reason of such injunction in the same case and to the same extent as sureties to an undertaking would have been liable if such an undertaking had been given. This section, however, is not self-executing. If the amount of the responsibility of the municipal corporation for damages is not specified in the injunction order, there is no liability whatever on the municipal corporation in the event it is later determined that the plaintiff was not entitled to the injunction. (*City of Yonkers* v. *Federal S. R. Co.*, 221 N. Y. 206.) If there is expressly included in the order the general provision that the municipal corporation shall be liable for all damage, then the responsibility of the corporation is to be determined under the provisions of the order without arbitrary limitation upon the amount of the responsibility. (*City of Utica* v. *Hanna*, 249 N. Y. 26.) The court calls attention to these general principles because the question now presented, upon the application for the injunction, is, to some extent, a novel one. If no responsibility on the part of the plaintiff for damages is established by the injunction order, even though such order be

reversed on appeal, there would be no liability for damages on the part of the city and the owners would be entirely without recourse. On the other hand, to include in the order the general provisions used in the *City of Utica* case might subject the city later to unforeseen and unlimited damages. While the court has no doubt of the right of the plaintiff to this injunction, it may very well be that an appellate court may disagree with this conclusion. In such event, the defendants should not be without some adequate protection and at the same time the plaintiff should not be under unlimited responsibility. A middle course seems the most equitable. The maximum liability of the plaintiff in the event that it is ultimately determined that the plaintiff is not entitled to the injunction will be fixed at the sum of $15,000 and it will be so provided in the order to be entered.

The motion by the plaintiff for a temporary injunction restraining the defendants from the removal of or in any way interfering with the top soil upon the premises involved in the action is granted. The liability of the plaintiff for damages under section 820 of the Civil Practice Act to be limited to $15,000. Settle order on two hours' notice at chambers, White Plains.