For the purposes of a new trial all findings of fact and conclusions of law are reversed.

Second Department, June 15, 1942.

*Alfred W. Bergren* [*Frank E. Sprower* with him on the brief], for the appellant-respondent.

*Aaron Simmons* [*Charles H. Griffiths* with him on the brief], for the respondent Colonial Sand & Stone Co., Inc.

*Munn Brewer*, for the respondent The Immick Company.

No appearance on behalf of the defendant-appellant Alexander Meyer.

PER CURIAM. Action for a permanent injunction restraining defendants from entering upon plaintiff's tract in the city of Yonkers and unlawfully and willfully destroying and injuring the real property, and to recover treble damages under section 1433 of the Penal Law from defendant Colonial Sand & Stone Co., Inc.

The evidence clearly established that the acts of defendant Colonial Sand & Stone Co., Inc. (hereinafter called Colonial), were willful from May 7, 1937, to May 13, 1937, both inclusive. The wrongful acts of that defendant on May sixth were not willful because its entry upon plaintiff's property was due to its contract and dealings with defendant Meyer who, on May 5, 1937, represented that he owned this parcel which, in fact, was owned by the plaintiff. However, on May 6, 1937, that defendant was advised that the property from which it was taking top soil belonged to the plaintiff and did not belong to Meyer, and before work was resumed on May 7, 1937, Meyer confirmed that information upon inquiry from said defendant Colonial. Despite this notice and the advice from Meyer that it should stop taking soil, defendant Colonial willfully and wantonly persisted in proceeding with its wrongful acts, which destroyed and injured plaintiff's real property. When it received notice that it was on plaintiff's property, it continued its acts of removing soil therefrom at its peril, especially since it had made no search nor obtained any proper survey of the property that Meyer, on May 5, 1937, represented that he owned. The willfulness and wantonness of defendant Colonial's acts became more gross on each succeeding day up to and including May 13, 1937, when said defendant stopped its injury and destruction of plaintiff's property as a consequence of the injunction order served upon it. The assessment for the

single damage, due to said defendant's destruction and injury to plaintiff's real property, was fixed by the official referee at $5,000. This assessment is not made the subject of challenge by defendant Colonial by way of appeal. It furnishes a base from which to compute treble damages under the evidence. (*Hazak, Inc.*, v. *Robertson Goetz Bldg. Co., Inc.*, 263 App. Div. 895.)

The official referee accepted defendant's figures on the amount of soil removed, rather than the figures of the plaintiff. That proof shows that on May sixth, the day Colonial wrongfully but not willfully injured plaintiff's property, it removed 846 cubic yards. The portion of $5,000 represented by that amount of injury is $414.54. The balance of $4,585.46 represents a single assessment for the injury and destruction due to defendant's acts on May seventh to May thirteenth, both inclusive, during which period its acts were clearly willful and wanton. That sum trebled is $13,756.38, to which the single damage item of $414.54 is to be added, resulting in a total damage of $14,170.92.

Removal of soil which may in a given instance be done without injury to real property comes within section 1425 of the Penal Law. But the same act which, as here, injures and destroys real property, comes within subdivision 3 of section 1433 of the Penal Law. (*City of White Plains* v. *Griffen*, 169 Misc. 706; affd., 255 App. Div. 1003; *Hazak, Inc.*, v. *Robertson Goetz Bldg. Co., Inc., supra.*)

On appeal by plaintiff the judgment should be modified on the law and the facts by increasing the amount of damages awarded to plaintiff from $5,000 to $14,170.92, with interest from May 13, 1937. As thus modified, the judgment, in so far as appealed from, should be affirmed, with costs to plaintiff-appellant against defendant Colonial Sand & Stone Co., Inc., and with costs to respondent The Immick Company against plaintiff-appellant.

Findings of fact and conclusions of law inconsistent herewith should be reversed and new findings and conclusions should be made.

The appeal of defendant Alexander Meyer, not having been argued or briefed, should be dismissed, without costs.

LAZANSKY, P. J., CARSWELL, JOHNSTON and TAYLOR, JJ., concur; CLOSE, J., dissents and votes to affirm the judgment, with the following memorandum: Under the facts and circumstances here, section 1425, subdivision 4, of the Penal Law applies, and not section 1433 of the Penal Law. The judgment, therefore, should be affirmed.

On appeal by plaintiff the judgment is modified on the law and the facts by increasing the amount of damages awarded to plaintiff

from $5,000 to $14,170.92, with interest from May 13, 1937. As thus modified, the judgment, in so far as appealed from, is affirmed, with costs to plaintiff-appellant against defendant Colonial Sand & Stone Co., Inc., and with costs to respondent The Immick Company against plaintiff-appellant.

Findings of fact and conclusions of law inconsistent herewith are reversed and new findings and conclusions will be made.

The appeal of defendant Alexander Meyer, not having been argued or briefed, is dismissed, without costs.

Settle order within five days from the date of this decision.