In the Matter of the SUPERINTENDENT OF HIGHWAYS OF THE TOWN OF FRANKFORT Relative to Acquiring Lands for Laying Out a Highway in Such Town, from BLEECKER STREET EASTERLY to STOP 2 ROAD.

County Court, Herkimer County, March 19, 1949.

*Chester J. Winslow* for the Town of Frankfort, petitioner.

*Russell G. Dunmore* for Utica Transit Corporation, respondent.

PETERSON, J. Application has been made to enter immediately upon the real property described in the petition herein and devote it temporarily to the public use specified in the petition upon such terms as the court may direct in accordance with the provisions of section 24 of the Condemnation Law.

The respondent, the Utica Transit Corporation, contends that section 24 of the Condemnation Law does not apply, urging

that the present proceeding is under the Highway Law and there is no provision of the Highway Law authorizing the relief sought.

Section 24 reads as follows: "*Temporary possession pending proceedings.* When it appears to the satisfaction of the court at any stage of proceedings that the public interests will be prejudiced by delay, it may direct that the plaintiff be permitted to enter immediately upon the real property to be taken, and devote it temporarily to the public use specified in the petition, upon the deposit with the court of a sum to be fixed by the court upon a notice to the parties of not less than eight days and such sum when so fixed and paid shall be applied, so far as it may be necessary for that purpose, to the payment of any award that may be made, with interest thereon from the date of the entry of the petitioner upon such real property, and the costs and expenses of the proceeding, and the residue, if any, returned to the plaintiff, and, in case the petition should be dismissed, or no award should be made, or the proceedings should be abandoned by the plaintiff, the court shall direct that the money so deposited, so far as it may be necessary, shall be applied to the payment of any damages which the defendant may have sustained by such entry upon and use of his property, and his costs and expenses of the proceedings, such damages to be ascertained by the court, or a referee to be appointed for that purpose, and if the sum so deposited shall be insufficient to pay such damages, and all costs and expenses awarded to the defendant, judgment shall be entered against the plaintiff for the deficiency, to be enforced and collected in the same manner as a judgment in the supreme court; and the possession of the property shall be restored to the defendant."

From the facts before this court, it does appear that the public interests will be prejudiced by delay in the above matter, and the section does offer the relief that would prevent the public interests from being prejudiced by such delay.

The court is of the opinion also that section 24 is applicable to the situation for the provisions of the Condemnation Law supplement statutes to acquire land for highways. (*County of Orange* v. *Storm King Stone Co.*, 180 App. Div. 208.)

When some office or function can by fair construction be assigned to both of two statutes and they confer different powers to be exercised for different purposes, although both are designed to operate upon the same general subject, the former statute will not be deemed to have been repealed by the later but both will stand. (*Woods* v. *Supervisors of Madison County*, 136 N. Y. 403.)

The respondent also urges that if immediate possession should be granted to the town that at least $50,000 be deposited to assure payment of the award, interest and expenses. The petitioner contends that the deposit is not necessary, it being a municipal corporation.

Section 24 of the Condemnation Law does provide that the relief should be granted upon the deposit with the court of a sum to be fixed by the court. However, under section 162 of the Civil Practice Act, an apparent exception has been made in the event the proceeding is brought by a municipal corporation.

Section 162 of the Civil Practice Act states as follows: " SECURITY BY PEOPLE, MUNICIPAL CORPORATION OR PUBLIC OFFICER. Each provision of statute or rule requiring a party to give security for the purpose of procuring an order of arrest, an injunction order, or a warrant of attachment, *or as a condition of obtaining any other relief, or taking any proceeding;* or allowing the court or a judge to require such security to be given, is to be construed as excluding an action brought by the people of the state, or by a domestic municipal corporation; or by a public officer, in behalf of the people or of such a corporation; except where the security to be given in such an action is specially regulated by the provision in question." (Italics supplied.)

As was stated by Chief Judge CARDOZO: " The purpose of that provision is to relieve a municipal corporation of an obligation to furnish sureties or cash." (*City of Utica* v. *Hanna,* 249 N. Y. 26, 29.)

Accordingly this court is of the opinion that section 162 of the Civil Practice Act exempts the Town of Frankfort from making the deposit required as a condition precedent to obtaining the relief sought under section 24 of the Condemnation Law.

An order may therefore be entered directing that the plaintiff be permitted to enter immediately upon the real property to be taken and devote it temporarily to the public use specified in the petition, and that said order shall provide that no sum be deposited with the court; but that in the event no award shall be made herein or the proceeding should be abandoned by the petitioner, that any damages which the respondent may sustain by such entry upon and use of its property and its costs and expenses of the proceedings shall be ascertained by the court, and judgment shall be entered against petitioner for the amount thereof to be enforced and collected in the same manner as a judgment in the Supreme Court, and the possession of the property shall be restored to respondent.