Herbert D. Hamm, J.
This is a motion pursuant to section 571 of the Civil Practice Act for an order requiring the defendants to furnish security.
Section 571 of the Civil Practice Act provides: “ Security unnecessary on appeal by municipal corporation unless ordered. Upon an appeal taken by a domestic municipal corporation, or by a public officer in behalf of such a corporation, the service of the notice of appeal perfects the appeal and stays the execution of the judgment or order appealed from, without an undertaking or other security, unless the court requires security to be given. Such security may be required by order of the court in or from which the appeal is taken, except that if the appeal be from an order in a special proceeding made by a judge of a court of record, such security may be required by order of the supreme court. The form, nature and extent of the security, not exceeding that which is required in a like case from a natural person, and the time and manner in which it must be given, must be prescribed by the order of the court; and the mayor, comptroller or counsel to the corporation, may execute, in behalf of the corporation, an undertaking so required to be given.”
On May 1, 1954, the plaintiff purchased a tract of land in the town of Newburgh for the purposes of quarrying deposits of rock. On August 6, 1956, the town board adopted a zoning amendment prohibiting quarries except in a certain prescribed area which did not include the plaintiff’s land containing rock. The plaintiff brought an action for declaratory judgment and moved in that action for summary judgment. The motion was granted and judgment, declaring the amendment void and of no effect, was entered on April 16, 1957, in the office of the Clerk of Orange County. Notice of appeal was served by the defend *1075 ants on May 10. Under section 571 the service of the defendants’ notice of appeal stayed execution of the judgment entered on the granting of the plaintiff’s motion.
In International Ry. Co. v. Town of Cheektowaga (219 App. Div. 853), the authorities of the defendant town had prevented the plaintiff railway company from laying rails in the street. The plaintiff company in an action for declaratory judgment procured an injunction through the medium of judgment on the pleadings restraining the defendant town from interfering with the laying of tracks. The town appealed from the judgment and, on the plaintiff’s motion, the town was required to give security indemnifying the plaintiff against loss or damage which it might sustain by reason of the stay of the judgment appealed from. The judgment entered in the action for declaratory judgment was affirmed.
Thereafter an action was commenced to recover damages against the town and the surety. On the trial the court directed a verdict in favor of the plaintiff and against both defendants for damages and interest and directed a judgment in favor of the defendant surety company against the defendant town for the same amount. The Appellate Division affirmed except for the allowance of interest on the damages (International Ry. Co. v. Town of Cheektowaga, 252 App. Div. 41).
In the instant case throughout the pendency of the defendants’ appeal the judgment entered in favor of the plaintiff will be as if it had never existed. The ordinance is on the books with its effect undiminished. It is not reasonable to require that the plaintiff violate the law as it is written or that the plaintiff assess the degree of peril to be apprehended from such violation. And the fact is that the defendants contend the amendment is valid and are prosecuting an appeal in support of their contention. By the ordinance and the appeal the plaintiff is as effectively restrained from quarrying operations as it would be if an officer or employee of the town physically interfered with the conduct of its operations. The plaintiff is not required to proceed at the risk of prosecution.
The affidavit of the plaintiff’s president establishes satisfactorily that the plaintiff will sustain damages substantially in excess of $100,000. This affidavit is not controverted except for the statement of the defendants’ counsel contained also in an affidavit that the only physical work done on the plaintiff’s property prior to the enactment of the amendment to the ordinance consisted of bulldozing a rough road into the property and erecting a small shanty. It is uncontradicted that the plaintiff has incurred the expense of procuring final *1076 plans for the erection of a plant to cost in excess of $2,000,000 and has procured tentative commitments from a banldng intsitution for financing the project by means of secured loans. There is no reply to the plaintiff’s proof that the ultimate expenditure, if the defendants are unsuccessful on the appeal, will be substantially higher due to constantly increasing inflationary cost of construction throughout the period of delay and no mention is made of the plaintiff’s loss of the market for crushed stone in extensive State and Federal road building programs. The plaintiff asks for security in the sum of $100,000. I find that this amount is required to give the plaintiff the minimum of protection. The expense of furnishing such security is a taxable disbursement should, the defendants’ appeal be successful (Civ. Prac. Act, § 1518, subd. 9-a).
Submit order in accordance with the foregoing on three days’ notice.