Frank A. Gulotta, J.
This is a motion, brought on by order to show cause, to restrain the defendants White from filling, dredging or otherwise disrupting the status quo of certain land which is the subject matter of the action herein.
The original action was one brought by the plaintiffs herein against the defendants White to enjoin said defendants from filling in land under water and otherwise interfering with certain riparian rights of the plaintiffs. The Town of Hempstead and the Village of East Bockaway joined in that action, the former contending that title to the land over which defendants White were exercising dominion was in fact town common land. A trial of that action resulted in a judgment for the Town of Hempstead. Upon appeal, the Appellate Division, Second Department, modified, in part, the judgment rendered in this court and adjudged the defendants White to be the owners of the land in question (Bonert v. White, 6 A D 2d 881, 7 A D 2d 748). The Town of Hempstead immediately served and filed a notice of appeal to the Court of Appeals and is now settling the proposed record on appeal. Following the decision of the Appellate Division defendants White started to again dredge and fill the lands in question, and the town makes this application for an order restraining the aforesaid defendants White from disrupting the status quo pending the determination of the appeal by the Court of Appeals.
Defendants contend that this court has lost jurisdiction and cannot grant any stay or restraining order in connection therewith; that this may be done only by a Judge of the Court of Appeals where the action is now pending. In this contention I think they are in error.
The court always has power, in the interests of justice, to control its judgments or suspend the operation of them during proceedings to review their validity. In Genet v. President of Delaware & Hudson Canal Co. (113 N. V. 472) a judgment of the Special Term had been modified on appeal to the General Term which, it will be noted, is similar to the situation we have *744 in the instant ease. It was held nevertheless that on an appeal to the Court of Appeals, Special Term had the power to suspend operation of the judgment and to fix the terms for the stay.
Strictly speaking, it is not a stay which concerns us on this application, but rather an injunction to prevent the defendants White from going ahead with the filling operation, not by virtue of the judgment, but because the judgment against the town leaves them free to go ahead. It is for this reason that section 571 of the Civil Practice Act, which gives an automatic stay to a municipal corporation when it appeals, is inapplicable.
In City of Utica v. Hanna (249 N. Y. 26), the court points out this distinction but nevertheless found no fault with an order which preserved the status quo by enjoining the defendant from going ahead with a building, although the judgment had merely dismissed the complaint.
Inferentially however, the court did criticize the unlimited liability imposed on the municipality in that case, and it would seem to be preferable to treat the town on a par with a private litigant in a like situation, by fixing an upper limit of liability so that the exemption created by section 162 of the Civil Practice Act does not become an intolerable burden.
In accordance with the requirements of section 820 of the Civil Practice Act as interpreted in City of Yonkers v. Federal Sugar Refining Co. (221 N. Y. 206), the limit of the movant’s liability is fixed at $10,000 and the injunction granted in the order to show cause will be continued.
Settle order.