William R Brennan, Jr., J.
These motions, one brought by the plaintiff township for a temporary injunction, and the other by the defendant for summary judgment dismissing the complaint, are made in this latest of a long series of actions, special proceedings and administrative proceedings concerning land use in an industrial park area and an adjoining residential section in Syosset.
*921 It appears from the record that in October, 1956 the defendant herein, Michael Forte, submitted an application to the Town Board of the Town of Oyster Bay requesting a change in the zoning ordinances governing approximately 88 acres owned by him and surrounding the Oakwood Park residential community, from Residential B and Residential 0 zones to Industrial EL There followed a public hearing at the town hall at which a number of residents of the community and a civic association appeared in opposition to the change of zone. Thereafter, Mr. Forte voluntarily submitted a declaration to the Oyster Bay Town Board imposing various restrictions on the use of his land, and, apparently as a result of this voluntary declaration, the objections were withdrawn and the property down-zoned to Industrial EL Among the voluntary restrictions contained in the declaration was the inclusion of a “ buffer ” zone of 150 feet from the property of Oakwood Park. It appears, further, that the Town Clerk failed to file the declarations, but that a different declaration, devoid of any mention of a “ buffer ’5 zone, was filed in December of 1956.
Thereafter, an action was commenced by certain residents and members of the civic association against both the township and Mr. Forte seeking judgment compelling the original declaration of restrictions and covenants to be filed and substituted in place of those filed in December, 1956. This action was settled by a stipulation dictated in open court before Mr. Justice Cheist in April of 1958. A motion was thereafter brought on by the petitioners in that action seeking entry of a judgment based upon the stipulation of settlement. At that time a dispute had arisen as to the meaning of the stipulation and Mr. Justice Cheist held that since there had been no decision on the merits of the action, the only judgment which could be entered was one strictly in accordance with the stipulation. Accordingly, a judgment setting forth the identical provisions of the stipulation of settlement was entered on November 14, 1958. One of the ordering paragraphs of this judgment stated: ‘ ‘ Obdebed, Adjudged and Deobeed that all future industrial plants will be erected at a distance of not less than 150 feet from the easterly line of the Map of Oakwood Estates, Section 1.”
Subsequently, Michael Forte requested the Building Inspector of the Town of Oyster Bay to issue a building permit for the construction of a bowling alley, part, at least, of which ivould be within 150 feet from the easterly line of the Map of Oakwood Estates, Section 1. The Building Inspector refused to issue the permit and Mr. Forte appealed to the Board of *922 Zoning Appeals of the township, which held that it was without jurisdiction to make a determination with regard to covenants and restrictions imposed upon real property except those imposed by statute or legislative act of the Town Board. Mr. Forte then commenced an article 78 proceeding in the nature of a mandamus to compel the issuance of the building permit.
Mr. Justice Meyer, in his memorandum decision dated June 7, 1961 disposing of that proceeding, said: “the court holds that the Board gave the right reason, but reached the wrong result. Neither the Board nor the Building Department Manager has ‘ power or discretion to refuse a permit on the ground that the proposed building violates a restrictive covenant, as this is not a matter for him [them] to decide * * * ’ [citing cases] ”. Thus, the Building Inspector was directed by the order of Mr. Justice Meyer to issue the permit for the construction of the bowling alley. No permit has been issued and the township has appealed from the determination of Mr. Justice Meyer.
The plaintiffs in the action which resulted in the original consent judgment then brought on a motion by order to show cause to hold Mr. Forte, one of the defendants therein, in contempt of court for commencing construction of the bowling alley in contravention of the paragraph in the judgment quoted above. Mr. Justice Pittoei, on June 22, 1961, after noting that a proceeding to punish a person for contempt of court is a semi-criminal proceeding, denied the motion. The point precisely decided was that the language contained in the ordering paragraph above quoted of the judgment, strictly construed as it must be on a contempt motion, did not constitute such a clear and unequivocal prohibition against the construction of a bowling alley as to warrant an adjudication of contempt of court.
The present action is now commenced against Mr. Forte, not by the residents or members of the civic association, but by the Town of Oyster Bay. It seeks a declaratory judgment as to the meaning of the above-mentioned ordering paragraph in the consent judgment of Mr. Justice Christ, and, more specifically, whether the prohibition against the erection of an “ industrial plant ” within the 150-foot buffer zone contained in that judgment bars the erection of the bowling alley. Pending final determination of this action, the town seeks a temporary injunction restraining the defendant from proceeding with the erection of the building.
The first point to be decided here is whether the town is a proper party plaintiff in the action for a declaratory judgment. It is urged by the defendant that the restrictions imposed by *923 the judgment of Mr. Justice Christ do not run to the benefit of the town, but only may be enforced by residents of the Oakwood Park residential community in whose behalf the original action was commenced. With this the court cannot agree. The stipulation which was incorporated in the judgment was entered in an action in which the town was a party defendant. The attorney for the town was in court and assented to the stipulation. The restrictions contained in the stipulation differed from those originally requested by the town of Mr. Forte when it was considering his application for a rezoning. The town, no less than the residents, had a vital interest in those restrictions, as they were an integral part of the over-all land use of the area. (Cf. Church v. Town of Islip, 8 N Y 2d 254.)
The next question presented is whether it has already been determined in the prior litigations that a bowling alley is a permitted use, within the buffer zone, under the judgment of Mr. Justice Christ. In this connection, as has been noted above, Mr. Justice Christ specifically refrained from interpreting the stipulation, but merely incorporated its terms in the judgment. The judgment is accordingly one made on consent, and is as subject to interpretation as would be the underlying agreement by way of stipulation upon which it is based. Moreover, Mr. Justice Meyer specifically refrained from interpreting the judgment and pointed out that he was not passing upon the rights of the parties to the stipulation “ to enforce its provisions in an action brought for that purpose ’ ’. Finally, while Mr. Justice Pittoni cited certain definitions of the word 1 ‘ industrial ’ ’ as used in the judgment, it was done for the purpose of demonstrating only that the language was not so clear and unambiguous as to warrant holding in contempt a person who would construct a bowling alley in an area where industrial uses were prohibited. None of these decisions determines the underlying-issue, i.e., the meaning of the language in the judgment. Consequently, neither the doctrine of res judicata nor of stare decisis controls.
Since the town is a proper party and since the relief sought has not already been determined in prior litigation, the cross motion for summary judgment dismissing the complaint must be denied.
There remains for decision the question of the temporary injunction sought by the township. In this connection, it is undisputed that the defendant is proceeding with the erection of the bowling- alley without a building permit. This in itself constitutes an enjoinable violation of law (Town Law, § 268; People ex rel. Bennett v. Laman, 277 N. Y. 368, 383; City of *924 Utica v. Ortner, 256 App. Div. 1039), and renders unnecessary any determination as to whether the town has suffered irreparable damage, unless, in refusing to issue the building certificate the Town Building Inspector is in violation of the mandate of this court. The order of Mr. Justice Meyer has directed that the permit issue. Section 571 of the Civil Practice Act, however, has stayed the execution of this order by virtue of the service of the notice of appeal. Therefore, until further steps are taken in that proceeding, the Building Inspector is under no immediate directive to issue the permit, and the defendant here, in proceeding to build without the permit, is in violation of law.
The temporary injunction will accordingly be granted, but in view of the procedural morass which has surrounded this matter and the impossibility of determining at this stage what the final disposition will be, and the harm which will befall the defendant by delay, the order shall provide that the plaintiff, as a condition of the order and the relief granted thereby, shall be liable pursuant to section 820 of the Civil Practice Act for any and all damages, not exceeding an amount to be fixed in the order to be made hereon, sustained by the defendant by reason of the granting of such order in the event that it is ultimately determined that the plaintiff was not entitled to the injunction hereby granted or if the defendant shall ultimately prevail in this action (Civ. Prac Act, §§ 162, 820; City of Yonkers v. Federal Sugar Refining Co., 221 N. Y. 206; City of White Plains v. Griffen, 169 Misc. 706, affd. 255 App. Div. 1003).
Settle order on notice promptly and submit proposals for the amount to be inserted in the order pursuant to the preceding paragraph.