Anthony M. Livoti, J.
This is a motion in accordance with section 571 of the Civil Practice Act, requiring the respondent to furnish security to indemnify petitioner against all loss or damages which he has or may sustain by reason of the stay of execution of the order entered on September 25, 1961, granting petitioner’s application under article 78 of the Civil Practice Act.
Heretofore a proceeding was brought pursuant to article 78 of the Civil Practice Act by petitioner to have a purported zoning amendment to the Revised Zoning Ordinances of the Town of Islip adjudged void and of no effect insofar as petitioner’s property is affected and compelling the respondent, as Chief Building and Zoning Inspector of the Town of Islip, to issue a permit to petitioner to erect and operate a gasoline service station and the installation, construction, maintenance and use of gasoline storage tanks on petitioner’s premises, in accordance with plans, specifications and survey filed with respondent on August 2, 1961. This permit was denied by the respondent, on August 2, 1961, upon the sole ground that the zoning classified in which petitioner’s property is located does not allow the construction and maintenance of a gasoline station and its appurtenances. The petitioner has challenged the validity of the resolution of September 11, 1956, amending the zoning ordinance in effect prior hereto pursuant to which the use of the property here sought was valid, upon the ground that the said amendment of September 11, 1956, as adopted varied substantially from the amendment as proposed in the published notice of hearing given prior to the enactment and that in such circumstances the amendment is void insofar as it affects petitioner’s property. The petitioner’s application was granted, declaring the amendment is void and of no effect insofar as it affected petitioner’s property described in the petition. A final order directing the respondent to issue a building permit to petitioner in accordance with the plans, specifications and survey filed by petitioner with respondent on August 2, 1961, was entered on September 25, 1961, in the office of the Clerk of Suffolk County. A notice of appeal was served by respondent on September 28, 1961. Pursuant to section 571 of the Civil Practice Act the service of the respondent’s notice of appeal stayed execution of the final order granting petitioner’s application.
Petitioner establishes that he will sustain substantial loss in excess of $50,000. The petitioner’s proof is not adequately controverted except by the statement contained in respondent’s attorney’s affidavit to the effect that most of the expenses of *951 petitioner were incurred prior to August 2, 1961, which was the date petitioner’s building permit was denied by respondent. However, such contention is untenable in that it is not contradicted that the petitioner has incurred the expense of the services of a professional engineer to prepare preliminary and final engineering plans for the construction of said building, nor the services of a civil engineer and surveyor to prepare a detailed survey indicating the proposed building and pump islands, nor that petitioner entered into a contract for the construction of said building; and petitioner has been informed by his contractor that unless actual construction will commence before October 20, 1961, the contract price will be increased $10,000 due to Winter conditions, increased cost of labor and materials and other conditions. The petitioner is entitled to security under the circumstances based on the above. (Callanan Road Improvement Co. v. Town of Newburgh, 6 Misc 2d 1073; International Ry. Co. v. Town of Cheektowaga, 219 App. Div. 853, 252 App. Div. 41.)
Petitioner’s motion is granted. Respondent is directed to furnish security in the sum of $40,000 within five days of service of a copy of the order to be entered hereon, to indemnify petitioner against any loss or damage he has or may sustain by reason of the stay of execution of the order of this court entered on September 25, 1961.