Bernard S. Meyer, J.
Petitioner has for several years been attempting to obtain from the town a special exception permit for a nursing home. There have been two hearings before the board, two article 78 proceedings and two appeals to the Appellate Division. In connection with the second appeal, petitioner now moves under CPLR 2512 for an order fixing an amount in lieu of an undertaking. The town opposes the application on the grounds (1) that the town cannot be held liable in damages for the exercise, even though wrongful, of a discretionary function, and (2) that this court is without jurisdiction to make the requested order.
The first ground need not long detain us. The rule enunciated in cases such as Rottkamp v. Young (21 A D 2d 373, affd. 15 N Y 2d 831); Pansa v. Sitrin (27 A D 2d 636) and Instalment Dept. v. State of New York (21 A D 2d 211) is a rule of common-law immunity, subject to modification by statute. There likewise is no liability at common law for resort to the courts, when exercised in good faith, except as statute otherwise pro *730 vides (City of Yonkers v. Federal Sugar Refining Co., 221 N. Y. 206). In either case, however, statute may impose liability. The question, therefore, is not whether the town can be held in damages for the exercise of its zoning powers, but whether any statute conditions, or permits the conditioning, of its right to appeal in a case involving the exercise of its' zoning powers upon its responding in damages? The answer to that question is that when CPLR 2512 and 5519 are considered together, the conclusion must be that CPLR 2512 does not contain such authority, but that CPLR 5519 does. Authority under the latter section is, however, vested exclusively in the court to which the appeal is taken. The motion is, therefore, denied without prejudice to an application by petitioner pursuant to CPLR 5519 (subd. [c]) to the Appellate Division, Second Department.
Clear from a reading of CPLR 2512 is the fact that it authorizes the court to fix an amount in lieu of damages with respect to a municipal corporation only when there is another provision of law that requires an undertaking of a private party. Not clear is whether the section was intended to cover appeal undertakings as well as undertakings related to provisional remedies. The position taken in Weinstein-Korn-Miller, N. Y. Civ. Prac. (vol. 2, par. 2512.03) is that appeal undertakings were separately treated in sections 570 and 571 of the Civil Practice Act and are separately treated by CPLR 5519 (subds. [a] and [c]). That view receives some support from the Advisory Committee’s Third Preliminary Report (N. Y. Legis. Doc., 1959, No. 17). Some of the statements appearing at pages 441 to 442 of that report concerning .the differences between the proposed rule that became CPLR 2512 and section 820 of the Civil Practice Act suggest that inclusion of all provisional remedies was of prime concern. However, the same note, at page 441, states “ This rule is derived from sections 162, 570, 820 and the first sentence of section 571 of the civil practice act ”. Sections 570 and 571 of the Civil Practice Act were concerned with appeals only and section 162 spoke of “ security for the purpose of procuring an order of arrest, an injunction order, or a warrant of attachment, or as a condition of obtaining any other relief, or taking any proceeding ”, language broad enough to encompass appeal security. Moreover, nothing in the wording of CPLR 2512 (“ Any provision of law authorizing or requiring an undertaking to be given by a party”) excludes provisions requiring an undertaking on appeal. It appears, therefore, that, considered solely as a matter of the wording and history of CPLR 2512, it cannot be *731 said that the court is without jurisdiction to make the order requested.
Considered, however, in relation to CPLR 5519 the situation is otherwise. CPLR 5519 (subd. [a], par. 1) is derived from sections 570 and 571 of the Civil Practice Act (Second Preliminary Report; N. Y. Legis. Doc., 1958, No. 13, p. 335). Section 570 of the Civil Practice Act exempted the State from the requirement that an appeal bond be given; section 571 of the Civil Practice Act provided that an appeal by a municipal corporation stayed execution of the judgment “ without an undertaking or other security, unless the court requires security to be given,” and that “ Such security may be required by order of the court in or from which the appeal is taken”. The fact that the authority to require security is not repeated in CPLR 5519 does not mandate the conclusion that there is no longer such authority, in view of the broad language of CPLE 2512 and the fact that an undertaking on appeal is required of a party other than the State, CPLR 5519 (subd. [a], pars. 2, 3, 4 and 6). What does require the conclusion that CPLR 2512, despite its broad language, does not include appeal security is the final clause of CPLR 5519 (subd. [e]): “ that only the court to which an appeal is taken may vacate, limit or modify a stay imposed by paragraph one of subdivision (a) ”. That clause, we are told by the Fifth Preliminary Beport (N. Y. Legis. Doc., 1961, No. 15, p. 659) was “ added to accord more closely with present law which provides for an unconditional stay where appeal is taken by the state, a municipal corporation or certain public officers. N. Y. Civ. Prac. Act §§ 570, 571. Cf. City of Utica v. Hanna, 249 N. Y. 26, 30, 162 N. E. 573, 574 (1928); People ex rel. Ames v. Judson, 59 Misc. 538, 112 N. Y. Supp. 408 (Sup. Ct. 1908). To prevent unnecessary hardship to a private party, the court to which the appeal is taken is given power to protect him. Cf. Wuttke v. O’Connor, 202 Misc. 550, 115 N. Y. S. 2d 852 (Sup. Ct. 1952).” To fix an amount in lieu of an undertaking under CPLR 2512 and thus impose upon a municipality liability for damages that it otherwise would not be liable for is, in a very real sense, to limit or modify the unconditional stay which CPLR 5519 (subd. [a], par. 1) brings automatically into existence when a municipality appeals. In view of that and of the fact that, though section 571 of the Civil Practice Act provided that security could be required either by the court m or the court from which the appeal was taken whereas CPLR 5519 (subd. [c]) allows a limiting or modifying order to be made only by the court to which the appeal is taken, the otherwise broad language of CPLR 2512 must be read to exclude authority to *732 fix an amount in lieu of undertaking in connection with an appeal.
Petitioner points to a number of cases in which an amount in lieu of an undertaking has been fixed by a nisi prius Judge (Town of Oyster Bay v. Forte, 30 Misc 2d 920; Matter of Paliotto v. Dickerson, 29 Misc 2d 949; Bonert v. White, 19 Misc 2d 742; Callanan Co. v. Town of Newburgh, 6 Misc 2d 1073), but upon examination it appears that each relied on either section 571 of the Civil Practice Act which expressly or section 820 of the Civil Practice Act which impliedly (because involving injunctions issued by such courts) empowered the nisi prius court to issue such an order. The only case found which considered the propriety of an order under CPLR 2512 in connection with an appeal is Chusud Realty Corp. v. Village of Kensington (22 A D 2d 895). While that case sustained such an order, the record on appeal shows that the issue considered, both below and on appeal, was whether the lower court’s discretion was properly exercised, not whether it had any authority in the premises, and that no mention was made of CPLR 5519 (subd. [c]). Moreover, the municipality involved in that case was a village and section 334 of the Village Law speaks expressly of “ a bond, undertaking or security to appeal ’ ’. There is no counterpart of that section applicable to towns.
While the court is satisfied that the conclusion reached is required by consideration of CPLR 2512 and 5519 in relation to one another, it notes that, without clarifying language making explicit the exclusion from CPLR 2512 of security in relation to municipal appeals, the section is a trap for the unwary, especially since without either a valid order fixing an amount in lieu of undertaking or conditioning a discretionary remedy there is no liability on the part of a municipality no matter what damage results from the automatic stay which its notice of appeal brings into force. A copy of this decision will, therefore, be forwarded to the Adivisory Committee on the Civil Practice Law and Rules for its consideration.