In the Matter of the Application of FRANCES REXFORD, Petitioner, for a Mandamus Order against IZETTA JEWEL MILLER, Commissioner of Public Welfare of the City of Schenectady, New York, Respondent.

Supreme Court, Schenectady County, April 6, 1932.

*Blodgett & Smith,* for the relator.

*Mathias P. Poersch, Corporation Counsel,* for the respondent.

HEFFERNAN, J. On March 18, 1931, petitioner occupied the position of assistant investigator in the department of public welfare in the city of Schenectady. She had obtained this position after a competitive examination. On the date in question she was discharged from the service by respondent's predecessor without written charges and without a hearing. Thereafter she instituted proceedings in which she sought a peremptory order of mandamus directing her reinstatement. An alternative mandamus order was granted on April 19, 1931. Thereafter, by consent of the parties, the issues were referred to a referee. On December 31, 1931, the referee made his report in which he found and decided that the relator had been illegally discharged and that she was entitled to reinstatement. On January 18, 1932, an order was made by Mr. Justice BREWSTER confirming the findings of the referee. Judge BREWSTER also granted a peremptory order of mandamus directing that respondent forthwith reinstate the petitioner in the position she formerly occupied. Respondent was personally served with a certified copy of the order on the same date. Petitioner appeared for duty, but no work was assigned to her and her salary has not been paid. On February 19, 1932, a notice of appeal was filed from the peremptory mandamus order. No steps have since been taken to perfect the appeal.

As I indicated on the argument, the respondent should not be permitted to try petitioner on the alleged charges. The injunction order granted on August 19, 1931, prohibits that during the pendency of this proceeding. That order is in full force and effect.

The notice of appeal filed by respondent on February 19, 1932, acts as a stay of the peremptory mandamus order. (Civ. Prac. Act, § 571.)

Petitioner strenuously insists that respondent is guilty of a contempt of court for failing to comply with the order directing petitioner's reinstatement during the period between January 18, 1932, the date the order was granted and served, and February 19, 1932, the date the appeal was taken. It may be that this contention is technically correct. The respondent, however, is not a lawyer. Undoubtedly she relied upon the legal department of the city. She had a right to appeal from the order in question. Obviously she was not required to take the appeal the moment she was served with process. She was entitled to a reasonable time in which to act. She should have been advised, however, that prompt action was necessary. A delay of thirty days is unreasonable. The only question here is whether her conduct during that period should be regarded as a willful disobedience and a contumacious disregard of the order of the court. I am not satisfied that respondent's failure to comply with the order directing petitioner's reinstatement was premeditated and that she thereby intended to hold in contempt the order and mandate of the Supreme Court. In her replying affidavit she states under oath: " It should be needless for me to say that I have a genuine and wholesome respect for the orders of the courts of our state, and that I have never intentionally done any act that could be considered a contempt or violation thereof." This statement is very persuasive and I must regard it as true. It may be that respondent was badly advised in taking her appeal. It may be that there is no question for review there. Nevertheless I must hold that she was acting in good faith. In judging respondent I should not be unmindful of her sex, very frequently impulsive and mercurial. A distinguished writer has said that " a layman should be judged with mercy, a clergyman with justice, a woman with favor, a child blindfolded and all with charity."

For these reasons the application to punish respondent for contempt is denied, without costs.