In the Matter of JOHN E. DORSA, Appellant, against RUSSELL FORBES, as Commissioner of Purchase of the City of New York, Respondent.

444

(Argued March 2, 1936; decided April 14, 1936.)

*Samuel M. Ostroff* and *Charles L. Raskin* for appellant. Section 1752 of the Charter of the City of New York (L. 1901, ch. 466), as amended by chapter 829 of the Laws of 1933, did not abolish appellant's position, and reversible error was committed in holding that that amendment did abolish the position. (*Matter of Rochester Water Commrs.*, 66 N. Y. 413; *People ex rel. Killeen* v. *Angle*, 109 N. Y. 564.) Appellant's position not having been abolished by the amendment, his removal was in contravention of the provisions of section 22 of the Civil Service Law (Cons. Laws, ch. 7). (*People ex rel. Fallon* v. *Wright*, 150 N. Y. 144; *Matter of Fornara* v. *Schroeder*, 261 N. Y. 363; *Matter of Kiernan* v. *Ingersoll*, 265 N. Y. 553.)

*Paul Windels, Corporation Counsel* (*Edmund L. Palmieri* and *Paxton Blair* of counsel), for respondent. The termination of the appellant's services by the respondent was effected in good faith on account of lack of work and such termination did not infringe upon any right of the petitioner as a veteran under section 22 of the Civil Service Law. (Laws of 1933, ch. 829; *Helvering* v. *New York Trust Co.*, 292 U. S. 455; *People ex rel. Chappel* v. *Lindenthal*, 173 N. Y. 524; *Matter of Devins* v. *Sayer*, 233 N. Y. 690; *People ex rel. De Vito* v. *Sayer*, 233 N. Y. 615; *People ex rel. Davison* v. *Williams*, 213 N. Y. 130; *Matter of Clancy* v. *Halleran*, 263 N. Y. 258.)

LOUGHRAN, J. The relator is a veteran of the World war. On August 15, 1925, he was appointed to the position of inspector in the Department of Purchase of the City of New York and assigned to the work of inspecting meats delivered to the Department of Correction at Welfare island. He continued in that service until January 20, 1934, when he received from the defendant, the Commissioner of Purchase, a written notice as follows: " This is to inform you that your name is being removed from the payroll of this department as of the close of business today, Saturday, January 20. As you know, responsibility for inspection of all deliveries is now vested in the Finance Department, in accordance with Chapter 829 of the Laws of 1933."

The statute cited by the Commissioner amended the Greater New York Charter (Laws of 1901, ch. 466) so as to redistribute the authority to procure supplies, materials and equipment for the different units of the city government. The legislative purpose was to concentrate the purchasing power in a reorganized department of purchase. As a restraint on the exercise of that centralized duty, the statute provides that " Inspection * * * of all deliveries of supplies, materials and equipment shall be made by the department of finance and the duty and jurisdiction therefor, now vested in the various departments, bureaus, boards, offices, officers, commissions and institutions is hereby transferred to the department of finance, any other provisions of law to the contrary notwithstanding." (Greater New York Charter, § 1752, added by Laws of 1933, ch. 829, as amd. by Laws of 1934, ch. 761.) This provision, the Commissioner claims, abolished the position of the relator and so the courts below have ruled.

We agree that the position of the relator had become unnecessary in the Department of Purchase and that there was no place for him in that department when he was dismissed. We do not assent to the conclusion that he was necessarily without any remedy.

An honorably discharged soldier is not to be removed "except for incompetency or misconduct shown after a hearing upon due notice upon stated charges." (Civil Service Law [Cons. Laws, ch. 7], § 22.) Though the work of the relator was no longer needed in the department to which he had been appointed, he was not to be discharged from the service of the city, but was to be transferred to any branch thereof for duty in such position as he was fitted to fill; and it was the duty of the Commissioner to make such transfer effective. (Id.) We think there may have been a failure in this proceeding to recognize the full measure of a privilege thus secured by law to veterans.

Work that had been performed by the relator remained to be done by someone. (Cf. *People ex rel. Chappel* v. *Lindenthal,* 173 N. Y. 524.) The Commissioner concedes that "since January 13, 1934, the inspection of meats and foods, being the work theretofore performed by this petitioner at the storehouse on Welfare Island, was taken over and thereafter performed and continued to be performed down to the present time by the department of finance." Who was substituted for the relator the record does not show. In that aspect, all that is disclosed is that in January, 1934, there were two inspectors of food on the staff of the Department of Finance and that thirteen such inspectors were thereafter transferred to that department from the Department of Hospitals. Whether thereby others were unlawfully preferred over the relator does not appear. On these facts, in our judgment, there should be a decision of the question whether the statutory rights of the relator have been denied to him.

The orders should be reversed and a new hearing granted, with costs to abide the event.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, CROUCH and FINCH, JJ., concur.

Orders reversed, etc.