In the Matter of GERARD WUTTKE, Petitioner, against CORNELIUS O'CONNOR, as Manager of the Building Department of the Town of North Hempstead, Nassau County, Respondent.

Supreme Court, Special Term, Nassau County, September 25, 1952.

*Louis G. Hart, Jr.,* for petitioner.

*James L. Dowsey* and *Bertram L. Daiker* for respondent.

HALLINAN, J. In this proceeding under article 78 of the Civil Practice Act petitioner moves for an order punishing the respondent for contempt for failure to issue a building permit pursuant to the final order heretofore entered herein. Respond-

ent justifies his failure to comply with the final order on the ground that an appeal was promptly taken and is now pending before the Appellate Division.

Section 571 of the Civil Practice Act provides that the service of a notice of appeal by a domestic municipal corporation, or a public officer in its behalf, perfects the appeal and stays execution of the judgment or order appealed from without an undertaking or other security, unless the court requires security to be given. It is not claimed that any security has been ordered herein.

Petitioner claims, however, that section 571 of the Civil Practice Act applies only to appeals from money judgments. He argues that this general provision is modified by section 634 of the Civil Practice Act which provides that " provisions relating to perfecting an appeal to the appellate division from an order *in an action* in the supreme court; to staying execution of the order appealed from, \* \* \* apply, where an appeal is taken to the appellate division from an order *in a special proceeding, except as otherwise specially prescribed by law.*" (Italics supplied.)

As evidence that the Legislature has otherwise specially prescribed respecting appeals from final orders in special proceedings, petitioner cites section 1305 of the Civil Practice Act, which provides: " Upon an appeal from the final order, proceedings may be stayed at any stage thereof in a proper case by the court or a judge thereof on such terms as to security or otherwise as justice requires ".

Petitioner's argument is without merit. Section 1305 of the Civil Practice Act merely provides that proceedings *may* be stayed. Presumably this means that the court has discretion to stay proceedings where the appellant would not otherwise be entitled to a stay. The permissive language of the statute would seem to be intended to enlarge the power of the court to grant a stay, not to confer upon the court power to deprive a party of a stay to which he may be entitled by other provisions of law. To interpret this section as the sole and exclusive means of obtaining a stay, mandatorily applicable in all special proceedings, would render section 634 of the Civil Practice Act meaningless.

Moreover, there is nothing in section 571 of the Civil Practice Act which restricts a municipality's automatic stay to judg-

ments alone. On the contrary, the section provides that a notice of appeal stays the execution " of the judgment or order appealed from " unless the court requires security. The word " order " in its juxtaposition with " judgment " is as consonant with final order in special proceedings as with intermediate orders in actions at law. This interpretation, apparently unchallenged, appears in *Matter of Levine* v. *Finkelstein* (274 App. Div. 628, 633), where, in a proceeding under article 78 of the Civil Practice Act the Appellate Division, First Department, said: " The service of the notice of appeal taken by a public officer on behalf of a domestic municipal corporation automatically stayed the execution of the orders appealed from without an undertaking or other security (Civ. Prac. Act, § 571)."

Petitioner's remedy, in the event of undue delay, is to move in the appellate court to dismiss the appeal. That petitioner has resorted to this remedy only recently is no one's fault but his own. The motion is denied.

Submit **order.**