Isidob Wassebvogel,
Spec. Ref. This is an article 78 of the Civil Practice Act proceeding whereby petitioner, a former employee of the Division of Standards and Purchase of the State of New York, seeks an order of the court directing respondent to reinstate him to the position of senior surplus food inspector, together with all back salary and interest from the date of his discharge.
In or about September, 1957, petitioner passed civil service examinations for the positions of food inspector and senior surplus food inspector. Shortly thereafter, respondent appointed to each of said positions two certified applicants who were among the three highest on each list. Petitioner, although he was placed on both eligible lists in accordance with the grades he achieved on the examinations, was not among the first three eligibles of either list. Accordingly, one James E. Barber was appointed to the position of senior surplus food inspector.
At or about the time of this appointment, there existed another vacancy for a higher position, that of supervisor of surplus food distribution for which no list had been established nor an examination promulgated by the Department of Civil Service. In or about February, 1958, respondent provisionally appointed said Barber to this higher position pending the holding of an examination therefor and the establishment of a certified list of eligible candidates. On March 13,1958, petitioner was appointed by respondent to the position of senior surplus food inspector. He acted in this capacity for a period of approximately four months, to wit, from March 13, 1958, to July 16, 1958. It is respondent’s contention that this temporary appointment of petitioner was occasioned by the vacancy created by Barber’s provisional promotion.
Upon the termination of said provisional promotion, Barber was returned to his regular civil service status as senior surplus food inspector. Respondent submits that this eliminated the alleged vacancy to which petitioner had been assigned by respondent on March 13, 1958, thereby necessitating his discharge. It is petitioner’s contention, however, that he was the *623 only duly qualified person on the eligible list for this position and that, therefore, his summary dismissal by respondent on July 16,1958, was arbitrary and illegal.
It appears from the pleadings before the court that petitioner^ rights in this proceeding are necessarily dependent upon the existence of a vacancy to which a permanent civil service status appointment could have been made by the appointing authority. In the event there was no such position available for which petitioner was eligible, either at the time he was originally employed by respondent or at the time that he received other successive alleged temporary appointments, it would necessarily follow that the petition in this matter would then be without merit.
An examination of the record clearly establishes that at the time of Barber’s appointment to the position of senior surplus food inspector there were two vacancies in the Division of Standards and Purchase. The Department of Civil Service, in its notice, stated that one such vacancy existed in the Albany office and the other vacancy in the New York City office (Bulletin XD-4-MMcC-TKF, July 15, 1957). In order to be eligible for appointment to the latter office, a candidate must be a resident of the First, Second or Tenth Judicial Districts. The residential requirements for such job are clearly stated in subdivision 1 of regulation 2 of the Civil Service Commission, which provides as follows: “ 1. Appointments to positions in the state service, the duties of which are confined to a locality outside of Albany county shall be made, so far as practicable, from residents of the judicial district or districts including such locality, except that appointments to vacancies in state departments or institutions with offices in the borough of Manhattan, New York City, shall be made from among residents of the first, second, and tenth judicial districts.” (Emphasis added.)
Contrary to respondent’s contention, the words “ so far as practicable,” as set forth in this regulation, do not authorize, empower or vest any discretionary right in him with respect to the appointment of personnel to the New York City office from judicial districts other than the three enumerated therein. The language of this regulation makes it mandatory that the personnel of the New York City office be residents of the First, Second or Tenth Judicial Districts. Significantly, Barber’s testimony shows that he did not have or ever claim to have this residential requirement. Accordingly, it must be deemed that at the time of his appointment by respondent, it was intended that Barber fill the vacancy in the Albany office, the only position for which he was eligible at that time. Moreover, it is to *624 be noted that after the termination of Barber’s provisional promotion, he was returned to the Albany office by respondent and to his permanent civil sendee status therein on May 9, 1958, more than two months prior to petitioner’s discharge.
Thus, it appears that at this time as well as at the initial temporary appointment of petitioner in March, 1958, a vacancy existed in the New York City office for the position of senior surplus food inspector. Inasmuch as Barber could not meet the requirements for an appointment to this office, the credible testimony and documentary evidence clearly establish that petitioner was then the only eligible person who could legally be appointed to fill this vacancy. In view of these circumstances, contrary to respondent’s contention, I find that petitioner’s appointment by respondent was not to fill the vacancy allegedly created by Barber’s provisional promotion, but rather to fill the vacancy which existed in the New York City office, as stated in the Department of Civil Service Bulletin {supra), a position for which Barber was never legally qualified, as above set forth.
Respondent urges that he had authority to employ petitioner on a temporary basis for any duration of time up to six months from the date of his original appointment. Under the circumstances involved herein, this contention is without merit. Concededly, there are certain stated exceptions in the law which would permit respondent to maintain an employee on a temporary status for a period not exceeding six months (Civil Service Law, § 15, subd. 3; Civil Service Rules for Classified Civil Service, rule VIII). None of the facts here, however, come within the exceptions set forth in the cited law and regulations which would warrant respondent in maintaining petitioner on a temporary basis only for the four-month period during which he satisfactorily served as senior surplus food inspector. It is well established that the spirit and intent of our Civil Service laws bar successive or prolonged temporary appointments, particularly where vacancies for a position exist and eligible and qualified candidates therefor are readily available (Matter of O'Reilly v. Grumet, 308 N. Y. 351, 356, 357; Civil Service Law, § 15, subd. 3). Such a vacancy for the position of senior surplus food inspector and a qualified candidate therefor (petitioner) existed in the matter at bar at the time of petitioner’s appointment. Thus, in the opinion of the court, petitioner’s satisfactory and faithful performance of his work as the sole eligible and qualified candidate for the position of senior surplus food inspector in the New York City office for a period of four months must be deemed to have vested in him all the rights of permanent tenure (Rules for Classified Civil Service, rule XII; *625 see Matter of Battaglia v. Morton, 272 App. Div. 372). It necessarily follows that his subsequent discharge, admittedly without cause and without a hearing, was an arbitrary and capricious act on the part of respondent in violation of petitioner’s rights under section 22 of the Civil Service Law (Matter of Dorsa v. Forbes, 270 N. Y. 443).
It appears to be more than mere coincidence that petitioner’s discharge coincided with the determination of respondent to appoint one Bosetti to the position of supervisor. Whether petitioner’s discharge was an attempt by respondent to create a vacancy in New York City, as urged by petitioner, is immaterial at this time. Likewise, contrary to petitioner’s claim, the fact that Bosetti was unquestionably not qualified to hold this position does not now entitle petitioner to this appointment. There was no legal duty on the part of respondent to appoint petitioner to this higher position, regardless of Bosetti’s lack of qualifications for this title. So long as the appointment by respondent was made on a provisional basis, with no list of qualified candidates in existence, under the authority and discretion vested in him by Civil Service Law and section 200 of the Executive Law, he could legally appoint anyone that he deemed qualified for the position of supervisor. This provisional appointment by respondent, although it was lacking in good judgment, did not constitute an official determination of Bosetti’s qualifications for the position. Unfortunately, there is nothing in the law which requires the Department of Civil Service to inquire into the correctness of statements made by a provisional appointee in his application. This omission in the law and the discretionary powers of appointment vested in respondent are matters for the Legislature and cannot now be corrected or provided for by judicial edict.
Upon the evidence before me, therefore, I hold that petitioner was unlawfully discharged by respondent from the position of senior surplus food inspector in the New York City office. He, therefore, is entitled to an order directing respondent or his successor to reinstate him to the position from which he was wrongfully discharged, together with all back salary and interest from the date of such discharge, to wit, July 16,1958.
Final order is rendered accordingly in favor of petitioner to the extent indicated herein.
Settle order within 10 days on three days’ notice.
The above constitutes the decision of the court as required by the applicable provisions of the Civil Practice Act.