Frank A. Gulotta, J.
This is an article 78 proceeding which seeks an order directing the Building Inspector to issue a building permit to petitioner.
Upon the argument respondent submitted a carbon copy of a notice of cross motion to compel petitioner to serve an amended petition with numbered paragraphs as required by rule 90 of the Rules of Civil Practice. Petitioner consented that this be considered by the court.
However, there is an original answer in which respondent appears to have handled this difficulty by denying everything in the petition. There are also 10 affirmative defenses consisting of new matter which, if true, might defeat any right to relief and petitioner has fallen into the trap of ostensibly admitting them by failure to reply thereto, as required by section 1292, a section which has enmeshed more than one unwary litigant.
It appears that after an initial denial of a permit here, petitioner secured a variance from the Zoning Board of Appeals. Two article 78 proceedings were brought to review that variance, *166 one by the city itself, and the other by a nearby property owner. Both were dismissed. Whether the orders entered thereon directed the issuance of a building permit does not appear. If neither of them did, petitioner would appear to have a need for this order, but it should first get the record in shape.
It should be noted that while the Building Inspector can be mandamused (see Wuttke v. O’Connor, Special Term opinion not reported, affd. 281 App. Div. 686, affd. 306 N. Y. 677) he cannot be punished for contempt while an appeal is pending, because of the automatic stay conferred by section 571 of the Civil Practice Act (see same title as above reported at 202 Misc. 550).
Petitioner should also note however, that unless it procures an order fixing the amount of the city’s liability, in lieu of a bond, (Civ. Prac. Act, § 820) there is no liability and the city cannot be required to pay petitioner’s damage even though it should be eventually decided that the city was wrong. (City of Yonkers v. Federal Sugar Refining Co., 221 N. Y. 206.)
The petition is dismissed with leave to amend if so advised or to begin anew if petitioner deems that necessary.