Abraham J. Gellinoff, J.
This is a motion by petitioner landlord for an order directing respondent to comply with a prior order of this court.
In an article 78 (Civ. Prac. Act) proceeding in this case, the court remanded the proceeding to the respondent so that the maximum rent for each apartment might be processed in accordance with its opinion. That opinion held that respondent’s determination in reducing the rent on the ground of the landlord's failure to supply an outside bell service was arbitrary and capricious. The respondent has appealed from the order of remand, and such appeal is now pending.
Petitioner now contends that, notwithstanding the appeal, the order of remand requires respondent to void its order reducing the rent and to restore forthwith the rent to its former amount. Respondent contends that the filing by her of a notice of appeal automatically operates as a stay of the order appealed from, under the provisions of section 571 of the Civil Practice Act. The applicable part of that section is as follows: ‘ ‘ Security unnecessary on appeal by municipal corporation unless ordered. Upon an appeal taken by a domestic municipal corporation, or *219 by a public officer in behalf of such a corporation, the service of the notice of appeal perfects the appeal and stays the execution of the judgment or order appealed from, without an undertaking or other security, unless the court requires security to be given ’ ’.
In support of its position, petitioner contends that neither respondent nor the City of New York is in any sense an interested party to the article 78 proceeding; that neither has any financial responsibility depending on the outcome; that the proceeding does not pertain to a claim, financial or otherwise, against the city as a municipal corporation; and that the only act involved is a quasi-judicial one — respondent’s order reducing the maximum rents.
The automatic stay provided for in section 571 of the Civil Practice Act is not limited to a case involving only a monetary obligation. It extends also to the “ execution ” of any “ order appealed from ” by the municipal corporation or by “ a public officer” on its behalf (Civ. Prac. Act, § 571). The order appealed from directs respondent to process the remanded proceeding in a manner not inconsistent with the order of remand. “ Execution ” by this court of such appealed from order would require a peremptory direction that respondent forthwith process the proceeding before her on pain of punishment for contempt in the event of disobedience. Yet it is such peremptory direction, i.e., the “execution” of the order appealed from, which section 571 stays.
The decision in City of Utica v. Hanna (249 N. Y. 26) upon which petitioner relies, is not applicable at all. There, the city had sued for an injunction. When the case ultimately was decided against the city, the temporary injunction granted in the action “ fell by its own terms when the suit had been determined” (249 N. Y. 26, 30). The Court of Appeals there held that, under section 571, the notice of appeal by the city had the effect of staying automatically the collection of costs, but that it did not automatically revive or continue the injunction which the court had granted only pendente lite. In the case at bar respondent’s notice of appeal does not revive or continue any relief or remedy granted respondent by the court, for the court has granted her none. What the notice of appeal accomplishes is the staying of the “ execution ” of the relief or remedy provided for in the £ £ order appealed from ’ ’.
Respondent is charged with the enforcement of the City Rent and Rehabilitation Law. Respondent as ‘£ The City Rent and Rehabilitation Administrator ” is a public officer, and £ ‘ The City Rent and Rehabilitation Administration ’ ’ known as £ £ City *220 Bent Agency ” is an agency of the city (Administrative Code of City of New York, ch. 41, tit. Y; Local Emergency Housing Rent Control Act, L. 1962, ch. 21). An appeal taken by respondent is, theréfore, an appeal “by a public officer in behalf of such a corporation [i.e., the City of New York] ”. Under mandate of section 571 of the Civil Practice Act, the filing of the notice of appeal by respondent automatically stayed “ execution ” of the order of remand. This court may not direct respondent to take further action under the appealed from order until the appeal is determined (see, in this connection, Matter of Levine v. Finkelstein, 274 App. Div. 628, 633; Matter of Wuttke v. O’Connor, 202 Misc. 550; People ex rel. Toomey v. Heath, 189 N. Y. S. 905; cf. Matter of Rexford v. Miller, 143 Misc. 303). The motion is denied.