OPINION OF THE COURT
Leonard A. Weiss, J.
Petitioner Serth moves under CPLR article 78 for an order (1) directing that the New York State Department of Transportation (DOT) make available a position of transportation construction inspector II for hér in Albany; (2) directing that the Department of Transportation compensate her for wages lost from May 15, 1980 until the date of the appointment she seeks as the first item of relief on this motion; and (3) for such other and further relief as to this court may seem just and proper.
This proceeding was brouglit on by order to show cause signed by Mr. Justice Harold J. Hughes of this court on June 6, 1980.
Respondent New York State Department of Transportation moves under CPLR 3211 (subd [a], par 7) for an order dismissing the petition and amended petition on the ground that the pleading fails to state a cause of action or, in the alternative, for a summary judgment in favor of the Department of Transportation under CPLR 3212.
Respondent New York State Department. of Civil Service moves to have the petition dismissed on the grounds that no cause of action is stated against it.
The events upon which this proceeding is based began on August 3, 1979 when the New York State Department of Civil Service issued two announcements for competitive examinations, to wit: No. 25-056 for the position of engineering aide and one announcement for examinations No. 25-057 for engineering technician, and No. 25-058 for senior engineering technician which were to be held on October 20, 1979. Both announcements contained the following statement: "The eligible lists resulting from these examinations will also be used to fill seasonal positions.”
On September 7, 1979 petitioner paid the fee required for both examinations. On October 20, 1979 petitioner took these examinations and was subsequently advised that she received *547 a score of 99.0 and a rank of 36th on the competitive list for the position of engineering aide and, a score of 74.5 and a rank of 68th on a competitive list for the position of engineering technician No. 25-057.
After study of the use of senior engineering technicians, engineering technicians, and engineering aides to provide supplemental inspection services at hundreds of construction projects located throughout the State over a four-year period on a seasonal basis, the DOT found it was not satisfied with the performance of people it selected from the competitive lists established for the afore-mentioned competitive job titles. By letter dated January 25, 1980 William C. Hennessy, DOT Commissioner, made a formal request of Victor S. Bahou, President and Commissioner of the New York State Civil Service Commission, for the establishment of noncompetitive positions under the title of transportation construction inspector I, II, and III (seasonal). The DOT expressed its desire to hire people as transportation construction inspectors for the purpose of performing some of the tasks on a seasonal basis which were previously performed by senior engineering technicians, engineering technicians, and engineering aides.
By letter dated April 22, 1980 Victor S. Bahou informed William C. Hennessy that on April 15, 1980 the State Civil Service Commission decided to tentatively approve the DOT request for the creation of noncompetitive classification for the titles of transportation construction inspector I, II, and III providing the following four conditions were satisfied by DOT: (1) that in filling the noncompetitive class positions DOT would first use existing preferred lists, seasonal re-employment lists and eligible lists in that priority order, before making any nonlist appointments; (2) that for each new appointee the DOT will attest on the PR-75 appointment form that he or she meets applicable minimum qualifications; (3) that DOT will provide appropriate training to new appointees to insure their competence to perform the job and (4) that the new job titles will be filled only on a seasonal basis.
The DOT informed petitioner Serth by notice dated May 14, 1980 that her name was put on the active eligible list for the positions of engineering aide and engineering technician. Petitioner alleges and the Department of Civil Service admits that she qualified for the positions of transportation construction inspector I and II under the job description given by DOT. Petitioner also alleges and the DOT admits that preference is *548 given to protected classes of p'ersons in hiring under the DOT affirmative action program and, that petitioner falls within a protected class of persons because of her status as a woman.
Petitioner urges that she did not receive an appointment to the position of engineering technician or transportation construction inspector II because the DOT failed to follow the procedure of taking persons ¡from the eligible list before it hired persons from the public who were not on any of the three lists as it was required to do by the Civil Service Commission condition (1) described in the April 22, 1980 letter from Commissioner Bahou to Commissioner Hennessy described above. Petitioner base^ this conclusion on the fact that more than 55 positions were filled by DOT in Region I alone, and claimant ranked 36th on the eligible list for engineering aide and 68th on the competitive list for engineering technician in the entire State. Petitioner further urges that several candidates below her on the competitive list were appointed to positions by DOT. Paragraph No. 8 in the DOT answer to the petition dated June 5, 1980, which answer was sworn to on June 19, 1980 by counsel for DOT, admits that 26 persons throughout the State were appointed to the newly created noncompetitive positions of transportation construction inspector I, II and III both from tike eligible lists for engineering technician and senior engineering technician and from members of the public whose names do not appear on the aforementioned eligible lists. The DOT also admits that it made appointments from the public before completely exhausting names from the eligible list for engineering aide, engineering technician, and senior engineering technician.
Petitioner believes she is entitled to the relief requested because of the DOT’s failuré to satisfy the exhaustion of eligibility list requirement imposed by the Civil Service Commission in its April 22, 1980 (Conditional approval for DOT to hire transportation construction inspectors on a noncompetitive basis.
CPLR article 78 review is restricted to questions raised under CPLR 7803. CPLR 7803 (subd 3) gives a court jurisdiction to consider whether a determination by a body or officer "was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion”. In the present case the Civil Service Commission acting pursuant to section 42 of the Civil Service Law clearly had the legal authority to approve noncompetitive classifica *549 tian for the job titles transportation construction inspector I, II, and III in accordance with its April 22, 1980 letter to DOT Commissioner Hennessy. Under section 42 of the Civil Service Law it is also clear that the Civil Service Commission had the right to condition its approval on the DOT satisfying certain conditions in filling the transportation construction inspector positions by requiring DOT to comply with the direction: "That in filling these non-competitive class positions your Department will first use first existing preferred lists, seasonal re-employment lists and eligible lists in that priority order, before making any non-list appointments”. Any doubt concerning the Civil Service Commission’s reasons for requiring DOT to comply with the afore-mentioned condition was certainly resolved by a letter dated May 16, 1980 from the President of the Civil Service Commission to the Assistant Commissioner for Manpower and Employee Relations in the New York State Department of Transportation in which the president said: "Your ñrst point concerns the condition that existing lists, so far as they are adequate, should be used first before any non-list appointments are made. This condition is reflective of the Commission’s major concern that the placements of these positions in the non-competitive class not operate to deprive or deny any person whose name is on a current list, especially a preferred list or a seasonal re-employment list, of his or her rights as an eligible.”
The Civil Service Commission, having acted within its lawful statutory jurisdiction, established by the above-quoted statements a lawful procedure to be followed by DOT in the filling of noncompetitive class positions for transportation construction inspectors. In Paragraph No. 18 of the affidavit of Stephen P. Daly, Personnel Director for the New York State Department of Transportation, DOT admits that it did not use the existing preferred list, the seasonal re-employment list and eligible list as the sole resources to fill the 268 new noncompetitive positions throughout the State. DOT therefore admits it failed to follow lawful procedure in filling the new positions.
Petitioner contends that appropriate relief in this case would be to direct DOT to create a position of engineering technician or transportation construction inspector II for her and to direct the DOT to compensate her for wages lost from May 15, 1980 until the date of her appointment to the title created under the first item of relief sought. While the court *550 sympathizes with petitioner’s situation there appears to be no legal authority under which it can grant the relief requested by the petitioner. In the caée offered by petitioner where similar relief was sought, Matter of Daub v Krieger (15 Misc 2d 621), the Appellate Division reversed the finding of the referee who reinstated an employee originally removed from a civil service position in Matter of Daub v Coupe (9 AD2d 260, 266-268).
Petitioner is entitled to no greater employment rights than any other person who is rankdd on the existing preferred lists, seasonal re-employment lists, and eligible lists referred to in the April 22, 1980 letter from President Bahou to Commissioner Hennessy. Section 61 of the Civil Service Law clearly provides that "Appointment oj- promotion from an eligible list to a position in the competitive class shall be made by the selection of one of the three persons certified by the appropriate civil service commission as standing highest on such eligible list who are willing to accept such appointment or promotion”. Under this so-called "rule of three” it is conceivable that a person who is on pne of the eligible lists may be perpetually by-passed for appointment until there are no longer three potential acceptors of the position making the list no longer adequate. This practice is sometimes referred to as "breaking the list.” If such practice was employed by DOT it is possible that petitioner may never receive an appointment notwithstanding the fact that ¡she is eligible for such appointment because she is on a competitive list. Although this practice may seem unfair it is legal and this court cannot say with any certainty that petitioner or any other person on one of the lists mentioned by the ¡Civil Service Commission in its April 22, 1980 letter would have received an appointment.
DOT’s failure to follow the directions given by the Civil Service Commission in its April 22, 1980 letter provides petitioner with a remedy which this court has authority to fashion under the third paragraph of the petition wherein petitioner seeks "such other aipd further relief as to this court may seem just and proper”. This court finds that the conditions imposed by the Civil Service Commission in its April 22, 1980 letter require DOT to exhaust the procedures for appointment from a competitive list to the positions of transportation construction inspector before considering people from the general public as is normally done to fill a noncompetitive position. The failure of DOT to follow the April 22, 1980 Civil *551 Service Commission directive was a violation of a lawful procedure. To remedy this violation this court directs DOT to inform each person it appointed to the position of transportation construction inspector I, II and III who were not on one of the preferred lists mentioned in the Civil Service Commission’s letter dated April 22, 1980 that their appointments were improperly made in violation of lawful procedure and must be rescinded effective July 5, 1980. DOT is further directed to fill all positions vacated by compliance with the procedures for appointment from competitive lists outlined in section 61 of the Civil Service Law in accordance with the April 22, 1980 directive of the Civil Service Commission.
This court is not pleased with the consequences of this decision, in that many persons who may be both highly qualified and actually filling important positions may have their employment terminated. This may indeed have a serious effect upon the seasonal construction program of DOT. However, this result must be directly attributable to certain facts obviously confirmed by the chronology of events which occurred. Although it appears DOT had considered its desire to seek noncompetitive positions for four years, it waited until January 25, 1980 to formally request this change for its 1980 program. The Civil Service Commission did not act upon the January 25, 1980 request from DOT to approve the new positions until April 22, 1980. DOT then waited until May 6, 1980 to seek clarification of the approval, which came by letter dated May 16, 1980. By that time, DOT had already proceeded to employ seasonal help not in strict compliance with the commission’s directions. Such action will now, as a result of the lawsuit, cause many persons to be terminated from employment, an unfortunate consequence of what might well be termed bureaucratic delays. Yet the petitioner whose efforts produced this result, will not herself necessarily gain employment.
The cross motion of the Civil Service Commission to have the petition dismissed against it because it does not set forth a valid cause of action against it, should be granted.
In summary, this court (1) denies the petition insofar as it finds there is no legal authority to direct the DOT or the Civil Service Commission to make available to petitioner the position she seeks or the back pay requested; (2) directs DOT to terminate as of July 5, 1980 all those persons it appointed in violation of the procedure set forth in the April 22, 1980 letter *552 by the Civil Service Commission and to fill the vacancies created by following said procedure; (3) denies the motion by DOT to dismiss the petition on the grounds it fails to state a cause of action; and (4) grants the motion by the Civil Service Commission to dismiss the petition as to it.
Because the petitioner appears pro se, the counsel for the Civil Service Commission is directed to submit an order in accordance with this decision as promptly as possible.