(August 8, 1980)

■ In the Matter of DEBORA E. SERTH, Respondent, v NEW YORK STATE DEPARTMENT OF TRANSPORTATION, Appellant, and NEW YORK STATE DEPARTMENT OF CIVIL SERVICE, Respondent.—Motion by petitioner to vacate statutory stay of judgment of Supreme Court, Albany County, entered July 2, 1980, which, *inter alia,* directed appellant New York State Department of Transportation to terminate certain seasonal employees on the ground they were appointed in violation of a procedure established by the Civil Service Commission. In our opinion, the motion should be denied. Initially, it is clear that the statutory stay (CPLR 5519, subd [a], par 1) expresses a public policy designed to protect the State during the pendency of an appeal and, accordingly, is not lightly to be vacated *(De Lury v City of New York,* 48 AD2d 405). In the instant case, even if it is assumed that the appointments in question were improperly made, appellant's appeal still presents substantial issues concerning whether Special Term properly exercised its discretion in summarily ordering the termination of these seasonal employees

under the circumstances (see, e.g., *Matter of Cash v Bates,* 301 NY 258, 262; *id.,* p 264 [dissenting opn of Fuld, J.]; *Matter of Andresen v Rice,* 277 NY 271, 282) and whether such relief could be granted in the absence of those directly affected by the determination (CPLR 1001, subd [a]; see, e.g., *Matter of Martin v Ronan,* 47 NY2d 486, 492; *Matter of Skliar v Board of Educ.,* 45 AD2d 1012, 1013; *Matter of Cornehl v Kern,* 260 App Div 35, 40, affd 285 NY 777). We are also not unmindful of the possible detrimental effect of the judgment below upon the appellant's seasonal construction program and the obvious prejudice to those individuals who accepted appointments to these positions in good faith. We therefore conclude that appellant is entitled to review of Special Term's determination and to the maintenance of the statutory stay during the pendency of the appeal. The motion by certain named individuals for intervention is denied, without costs, and without prejudice to renewal upon papers which demonstrate that they are among the group of seasonal employees adversely affected by the terms of the judgment on appeal. Mahoney, P. J., Sweeney, Kane and Casey, JJ., concur. [104 Misc 2d 545.]