◼ In the Matter of DEBORA E. SERTH, Respondent, v NEW YORK STATE DEPARTMENT OF TRANSPORTATION, Appellant, and NEW YORK STATE DEPARTMENT OF CIVIL SERVICE, Respondent.—Appeal from a judgment of the Supreme Court at Special Term, entered July 2, 1980 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to the extent that respondent was ordered to terminate unlawfully hired persons and to fill the vacancies pursuant to lawful procedure. In the summer of 1979, the New York State Department of Civil Service announced examinations for the positions of Engineering Aide and Engineering Technician. The announcements stated that the eligible lists resulting from the examinations would be used to fill seasonal positions. Petitioner took both examinations and was ranked on the eligible list for each position. Thereafter, the Department of Transportation (department) became dissatisfied with the procedure of using engineering aides and technicians on a seasonal basis and requested the New York Civil Service Commission (commission) to establish two noncompetitive positions to perform these seasonal services. By letter dated April 22, 1980, the commission tentatively approved this request on the condition that the department would first use persons from the existing preferred, seasonal re-employment and eligible lists, in that order. The department claims that, prior to receiving the letter, the commission staff had approved the creation of noncompetitive seasonal positions unconditionally. Subsequently, some 250 persons were hired to fill these seasonal positions, most of whom were not from the existing preferred, seasonal re-employment or eligible lists. Petitioner was not one of those hired. She brought this article 78 proceeding seeking an order that the department make one of the seasonal positions available for her with back pay. The Department of Civil Service admitted that petitioner was qualified for both positions. Special Term determined that the department had unlawfully filled the seasonal positions but that it was without authority to make one of the positions available for the petitioner. Special Term further ordered the department to terminate all the persons hired to fill the positions who were not hired in compliance with the commission's directive contained in its letter of April 22, 1980. The department filed a notice of appeal and this court subsequently denied petitioner's motion to vacate the automatic stay of the judgment obtained by the department by reason of its appeal (CPLR 5519, subd [a], par 1). The record demonstrates that the commission tentatively approved the creation of the noncompetitive positions subject to certain conditions. The commission not only had the authority to approve the placement of the positions in the noncompetitive class (Civil Service Law, §§ 6, 42) but also had the authority to condition such approval on the use of existing lists (4 NYCRR 2.2). Since the department concededly failed

to comply with the conditions imposed, Special Term properly determined that the hirings were unlawful. The more vexing question raised by this appeal is whether Special Term properly dismissed all the persons hired to fill the seasonal positions. In view of the fact that none of these individuals are parties to this proceeding, we must initially determine whether they are necessary and indispensable parties to a resolution of the litigation. A person who is necessary to give complete relief to the parties to the litigation or who is inequitably affected by a judgment shall be made a party (CPLR 1001, subd [a]). A reading of the petition demonstrates that the relief sought is that petitioner be provided with one of the seasonal positions. The request for such relief would not require that these individuals be necessary and indispensable parties. A problem is presented, however, since Special Term ordered totally different relief than that requested. Special Term ordered the termination of all those improperly hired. Such persons are clearly inequitably affected by the judgment and, in our opinion, are both necessary and indispensable parties to this proceeding (cf. *Matter of Martin v Ronan,* 47 NY2d 486; *Matter of Cornehl v Kern,* 260 App Div 35, 40, affd 285 NY 777). Consequently, Special Term was without jurisdiction to order their termination and there must be a reversal of so much of the judgment as so provided. Judgment modified, on the law, by reversing so much thereof as ordered the dismissal of the employees improperly hired, and, as so modified, affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Main and Casey, JJ., concur. [104 Misc 2d 545.]