In the Matter of WILLOUGHBY NURSING HOME, Respondent, v DAVID AXELROD, as Commissioner of the Department of Health of the State of New York, Appellant.

Third Department, January 23, 1986

APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General (Betsy Broder* and *Nancy A. Spiegel* of counsel), for appellant.

*Fink, Weinberger, Fredman, Berman & Lowell, P. C. (Irwin R. Karassik* of counsel), for respondent.

**OPINION OF THE COURT**

LEVINE, J.

Petitioner operates a skilled nursing home facility in Kings County subject to Medicaid reimbursement rate regulation by respondent. Beginning in 1974, petitioner initiated some eight administrative appeals before the Department of Health (DOH) concerning its reimbursement rates. In 1981, when these administrative appeals were for the most part denied by DOH, petitioner requested that an administrative hearing be conducted concerning the factual issues involved in its appeals. After DOH refused to hold hearings on the ground that no factual issues were presented, petitioner commenced the instant CPLR article 78 proceeding for judicial review of DOH's determination. Special Term ruled that there were open factual questions concerning DOH's denial of petitioner's appeals which the voluminous record failed to resolve and which, therefore, required DOH to hold a hearing. The court directed the parties to frame the issues, which would then be set forth in a subsequent order. A judgment and order embodying Special Term's decision was entered December 15, 1983. No appeal was taken by DOH from that order.

In due course, the parties submitted proposed issues in accordance with Special Term's direction, after which a reset-

tled supplemental order and judgment was entered April 27, 1984 and served on DOH on April 30, 1984 (hereinafter referred to as the April 1984 order). That order identified the issues to be tried in the administrative hearing and directed DOH to hold the hearing within 30 days, failing which all issues would be resolved in favor of petitioner. Fourteen days after service upon it, DOH filed a timely notice of appeal from the April 1984 order and, when petitioner moved to dismiss the appeal, then applied for permission to appeal. This court both dismissed the appeal taken as of right and denied permission to appeal. The order dismissing the appeal and denying permission to appeal was served by mail upon DOH on October 24, 1984.

Following dismissal of its appeal, DOH issued a notice fixing November 26, 1984 as the date for the hearing required under the April 1984 order. Petitioner then moved to enjoin DOH from conducting the hearing on the ground that the date of the proposed hearing fell beyond the 30-day time limitation contained in that order. Special Term held that, despite the suspension of the April 1984 order by reason of the statutory stay pending DOH's appeal (CPLR 5519 [a] [1]), the scheduling of the hearing by DOH was still untimely by at least several days. The court, therefore, granted petitioner's motion to enjoin DOH, and, under the terms of the April 1984 order, resolved in petitioner's favor all factual issues for which the hearing had been directed. This appeal ensued.

We reverse. Despite petitioner's arguments to the contrary, DOH, as an agency of the State, automatically became entitled to a stay of enforcement of the direction to hold its administrative hearing within 30 days of the April 1984 order, even if that order is deemed to have been nonfinal. There is nothing in CPLR 5519 (a) (1) to indicate that it applies only to appeals from final orders. The purpose of the automatic statutory stay is to protect the State in its conduct by preserving the status quo pending appeal from an adverse determination (*People ex rel. Office of Rent Admin. v Berry Estates*, 87 AD2d 161, 178, *affd* 58 NY2d 701; *Matter of Serth v New York State Dept. of Transp.*, 77 AD2d 957; *Grant v Metropolitan Transp. Auth.*, 96 Misc 2d 683, 686). This purpose is equally applicable to nonfinal orders which may severely prejudice the interests of the public (illustrated by the case at bar) as it is to final orders. This likewise is dispositive of petitioner's argument that the statutory stay does not apply when an appeal is dismissed or permission to appeal is denied on jurisdictional

grounds. Petitioner has cited no authority for such a narrow construction of CPLR 5519 (a) (1).

Nor are we persuaded by petitioner's further contention that the 14-day period from the service of the April 1984 order until the appeal was taken should be counted against DOH. The State was not bound to do anything within that period. The notice of appeal automatically suspended Special Term's direction to hold the hearing within 30 days *(Matter of Stratford Leasing Corp. v Gabel,* 36 Misc 2d 218, 220). A dismissal of the appeal merely restored the mandate of the April 1984 order for DOH to hold the hearing within 30 days. Any other construction would seriously impair the statutory purpose of stabilizing the effect of an adverse determination pending an appeal by the State.

Special Term's decision was not inconsistent with the foregoing rationale. The basis upon which it held that the hearing scheduled for November 26, 1984 was untimely was that, after this court's dismissal of the appeal, the restored 30-day period to hold the hearing began to run on the date this court's order of dismissal was served on DOH by mail, namely, October 24, 1984. Special Term rejected DOH's argument that, under CPLR 2103 (b) (2), its compliance with the 30-day hearing requirement was extended by an additional five days from the date of service by mail of this court's order. In our view, Special Term misapplied *Matter of Fiedelman v New York State Dept. of Health* (58 NY2d 80, 81) to the procedural posture of the instant case when DOH's appeal was dismissed. *Fiedelman* holds that, in the absence of a *pending* legal action or proceeding, CPLR 2103 (b) (2) may not be invoked to extend time periods when mailing is the method of service in an administrative proceeding. Since the instant article 78 proceeding undisputably was still pending when this court's dismissal order was served by mail, DOH's time to hold the hearing was extended by the statutory five-day period, and therefore, the scheduling of the hearing on November 26, 1984 was timely.

For the foregoing reasons, the judgment must be reversed and the matter remitted to DOH for the hearing required under the April 1984 order within 30 days of service of the order to be made herein with notice of entry. We note that we have also reviewed DOH's contentions that the petition should be dismissed as a matter of law and regarding Special Term's direction for a hearing on the first of petitioner's administrative appeals, and find them to be without merit.

MAHONEY, P. J., KANE, CASEY and WEISS, JJ., concur.

Judgment reversed, on the law, without costs, and matter remitted to the Department of Health for further proceedings not inconsistent herewith.