■ CITY OF POUGHKEEPSIE, Appellant, v POUGHKEEPSIE ASSOCIATED FIRE DEPARTMENT, Respondent. [615 NYS2d 928] —In two actions, *inter alia,* to recover moneys collected by the Poughkeepsie Associated Fire Department and the City of Poughkeepsie, pursuant to Insurance Law former §§ 553 and 554 (now §§ 9104, 9105, respectively), the appellant, by its Corporation Counsel, was directed to appear before this Court to be heard upon the issue of appropriate sanctions or costs pursuant to 22 NYCRR 130-1.1 to be imposed against it or its attorneys for their conduct in pursuing a frivolous appeal from an amended order and judgment (one paper) of the Supreme Court, Dutchess County (Jiudice, J.), dated April 13, 1992, which confirmed a Referee's report, dated February 3, 1992 *(see, City of Poughkeepsie v Poughkeepsie Associated Fire Dept.,* 203 AD2d 230).

Upon the proceedings before this Court on May 11, 1994, at which the parties had an opportunity to be heard on the issue of sanctions and costs, it is,

Ordered that within 20 days after service upon it of a copy of this decision and order, with notice of entry, the appellant City of Poughkeepsie is directed to pay to counsel for the respondents as follows: (1) the sum of $2,000 in costs to Peter C. McGinnis, Esq., his successors or assigns; and (2) the sum of $6,000 in costs to William G. Crane, Esq., his successors or assigns; and it is further

Ordered that within 20 days after service upon him of a copy of this decision and order, with notice of entry, the Corporation Counsel, Richard I. Cantor, Esq., counsel for the appellant, is directed to pay the sum of $2,000 to the Lawyers' Fund for Client Protection of the State of New York.

In our prior decision and order, we found that the subject appeal is " 'completely without merit in law or fact and cannot be supported by [any] reasonable argument for an extension, modification or reversal of existing law' " *(City of Poughkeepsie v Poughkeepsie Associated Fire Dept., supra,* at 231). The proceedings before this Court on May 11, 1994, confirmed our preliminary conclusion that the present appeal was brought for an improper purpose—"primarily to delay or prolong the resolution of the litigation" (22 NYCRR 130-1.1 [c] [2]). Although given an opportunity to do so, the Corporation Counsel failed to offer any valid arguments to demonstrate that the appellant's conduct had a legitimate basis in fact or law. If this Court fails to award sanctions, the appellant and its counsel would have misused judicial resources to achieve their goal of depriving the respondent fire fighters of the benefit of the moneys for 10 years and of causing them to expend unnecessary time and legal fees. Lawrence, J. P., Joy, Friedmann and Krausman, JJ., concur.