■ In the Matter of the Arbitration between TROY POLICE BENEVOLENT AND PROTECTIVE ASSOCIATION, INC., Respondent, and CITY OF TROY, Appellant. [636 NYS2d 499] —Mercure, J. Appeal from a judgment of the Supreme Court (Canfield, J.), entered September 11, 1995 in Rensselaer County, which granted petitioner's application pursuant to CPLR 7510 to confirm an arbitration award.

Petitioner is the exclusive bargaining representative for all police officers, below the rank of Captain, employed by respondent. On June 5, 1995, an arbitrator made an award determining that respondent had violated past practice and its collective bargaining agreement with petitioner when it unilaterally implemented a biweekly lagged payroll for police officers and unilaterally rescinded its practice of issuing advance vacation checks to police officers in the fall of 1994. As a remedy, respondent was ordered to reinstate the 1994 and 1995 pay day schedule as it would have been without implementation of the lag, pay police officers one week's pay at the 1994 rate, deduct the weekly membership dues from said pay and remit the dues to petitioner, and reinstate the practice of issuing advance vacation checks.

The following day, petitioner made the present application pursuant to CPLR 7510 to confirm the award. Respondent opposed the application, asserting that the arbitrator had exceeded his powers. Noting that respondent's opposition consisted of nothing more than a bare conclusory allegation, Supreme Court granted judgment in favor of petitioner. Respondent then filed a notice of appeal. We denied petitioner's subsequent motion, *inter alia*, to vacate the statutory stay in favor of respondent (*see*, CPLR 5519 [a] [1]) but granted the alternative request that the appeal be expedited and placed on the December 1995 calendar. We accordingly directed that respondent perfect its appeal by October 27, 1995. On respondent's failure to so perfect its appeal, petitioner took the initiative of filing a record and brief and paying the appellate filing fee. On November 15, 1995, respondent sought additional time to perfect its appeal. We granted the application to the extent of directing that respondent's brief be filed by November 20, 1995 and setting the matter down for argument on December 14, 1995.

The brief ultimately filed by respondent raises no issue concerning the propriety of Supreme Court's judgment. Rather, it boldly asserts that respondent's "unprecedented financial

condition" justified, and in fact required, its pursuit of a patently meritless appeal in order to preserve its statutory stay (and avoid its obligations to petitioner) for the longest possible period of time. We disagree. Because the appeal was "completely without merit in law or fact and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law" (22 NYCRR 130-1.1 [c] [1]) and was "undertaken primarily to delay or prolong the resolution of the litigation" (22 NYCRR 130-1.1 [c] [2]; *see, Matter of Minister of Refm. Prot. Dutch Church v 198 Broadway*, 76 NY2d 411, 414; *Kahre-Richardes Family Found. v Village of Baldwinsville*, 219 AD2d 826), its pursuit by respondent fits squarely within the definition of frivolous conduct. In our view, respondent's perversion of the Legislature's purpose for providing the State, its political subdivisions, officers and agencies with an automatic statutory stay (CPLR 5519 [a] [1]; *see, Matter of Willoughby Nursing Home v Axelrod*, 113 AD2d 617, 619), and the resultant misuse of judicial resources and monetary damage to petitioner, requires the imposition of sanctions (*see, City of Poughkeepsie v Poughkeepsie Associated Fire Dept.*, 207 AD2d 472, 473, *lv denied* 85 NY2d 802). We shall accordingly impose a sanction against respondent in the amount of $1,000, to be deposited with the clerk of this Court for transmittal to the Commissioner of Taxation and Finance (*see,* 22 NYCRR 130-1.3).

Mikoll, J. P., Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, with costs, and a sanction in the amount of $1,000 is imposed against respondent, to be paid within 30 days following the date of this order.