Matter of Gillard v Annucci (2019 NY Slip Op 06032)





Matter of Gillard v Annucci


2019 NY Slip Op 06032


Decided on August 1, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: August 1, 2019

526831

[*1]In the Matter of FRANK GILLARD, Appellant,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision et al., Respondents.

Calendar Date: June 21, 2019

Before: Egan Jr., J.P., Lynch, Clark, Mulvey and Devine, JJ.


Frank Gillard, Dannemora, appellant pro se.
Letitia James, Attorney General, Albany (William E. Storrs of counsel), for respondents.



MEMORANDUM AND ORDER
Appeal from a judgment of the Supreme Court (Elliott III, J.), entered April 26, 2018 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
Following a tier III prison disciplinary hearing, petitioner was found guilty of violating certain prison disciplinary rules and, on January 11, 2017, the determination was upheld on administrative appeal. Petitioner filed a petition pursuant to CPLR article 78 challenging the determination. Respondents moved to dismiss the petition contending, among other things, that the proceeding was not timely commenced. Supreme Court issued a written decision granting respondents' motion and dismissed the petition, finding, among other deficiencies, that the proceeding was untimely. Petitioner appeals.
We affirm. Supreme Court correctly dismissed this CPLR article 78 proceeding as untimely. An article 78 proceeding must be commenced within four months "after the determination to be reviewed becomes final and binding upon the petitioner" (CPLR 217 [1]). "A determination generally becomes binding when the aggrieved party is notified" (Matter of Village of Westbury v Department of Transp. of State of N.Y., 75 NY2d 62, 72 [1989] [internal quotation marks and citations omitted]; accord Matter of Pinney v Van Houten, 168 AD3d 1293, 1294 [2019], lv dismissed and lv denied 33 NY3d 998 [2019]; see Matter of Colavito v New York State Comptroller, 130 AD3d 1221, 1222 [2015]). Petitioner conceded that he received a copy of the January 11, 2017 final administrative determination by January 30, 2017. Thus, petitioner was on notice by that date, at the latest, that his administrative appeal had been denied and the determination of his guilt had been upheld, triggering the four-month statutory period within which to commence this proceeding (see CPLR 217 [1]; Matter of Loper v Selsky, 26 AD3d 653, 653-654 [2006]). It is undisputed that petitioner did not commence this proceeding [*2]until June 2, 2017, when he filed the petition, which was beyond the applicable four-month statutory time period (see CPLR 217 [1]; 304 [c]).
Supreme Court correctly rejected petitioner's argument that his petition was timely filed based upon the five-day extension provided in CPLR 2103 (b) (2). CPLR 2103 (b) (2) applies, in relevant part, to service of interlocutory papers "in a pending action" upon an adverse party's attorney, not to papers filed to commence a proceeding (see Matter of Fiedelman v New York State Dept. of Health, 58 NY2d 80, 82 [1983]; Matter of Community Hous. Improvement Program v Commissioner of Labor, 166 AD3d 1135, 1137 [2018]; Matter of Lester v New York State Off. of Parks, Recreation & Historic Preserv., 60 AD3d 680, 681 [2009], lv denied 12 NY3d 712 [2009]; compare Matter of Willoughby Nursing Home v Axelrod, 113 AD2d 617, 620 [1986]). As there was no proceeding pending when petitioner belatedly filed his petition on June 2, 2017, CPLR 2103 (b) (2) is inapplicable (see Matter of Fiedelman v New York State Dept. of Health, 58 NY2d at 82-83; Matter of Willoughby Nursing Home v Axelrod, 113 AD2d at 620). Petitioner's remaining claims, to the extent that they are preserved for our review, are either academic or similarly lack merit.
Egan Jr., J.P., Lynch, Clark, Mulvey and Devine, JJ., concur.
ORDERED that the judgment is affirmed, without costs.